(100 App. Div. 488)

## THAXTER v. THAIN.

(Supreme Court, Appellate Division, First Department. January 13, 1905.)

1. CORPORATE STOCK—TRANSFER—CONSIDERATION—JUDGMENTS—REVERSAL.

B., having recovered judgments requiring H. to deliver to him certain securities, received the same from H., and while the judgments remained unreversed transferred a portion thereof to her attorney in part compensation for services, and he in turn, in discharge of a personal indebtedness to defendant, transferred the stock to her. After such transfers, the judgments having been reversed, H. assigned her claim to the stock to plaintiff. *Held*, that the antecedent debt of the attorney to defendant was a sufficient consideration for the transfer.

2. SAME—BONA FIDE PURCHASER.

Defendant, being entitled to rely on the unreversed judgments, was a bona fide purchaser of the stock, and entitled to retain the same.

Appeal from Special Term, New York County.

Action by Julia Thaxter against Mary T. Thain. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Paul Eugene Jones, for appellant.

Alexander Thain, for respondent.

HATCH, J. This action was brought to recover the possession of 150 shares of stock of the American Press Association and 10 shares of the preferred stock of the Hildreth Varnish Company, which had been transferred to an attorney for professional services. May Thorne Brantingham recovered a judgment against Eunice E. Huff and others, whereby she obtained the possession of the stock the subject of this action. After the transfer of the stock to the defendant an appeal was taken from the judgment, and it was subsequently reversed and set aside. After the verdict Mrs. Huff assigned her claim to the plaintiff. The answer to the question involved in this action does not turn upon the character of the property delivered to the attorney, or whether it could be traced or not. It is well settled that, where money is paid over in discharge of an existing indebtedness, and the creditor receiving it has no knowledge of any infirmity in the title to the money in the person from whom it is obtained, it cannot be followed and recovered back at the instance of the true owner. Such rule is illustrated by the case of Justh v. National Bank of the Commonwealth, 56 N. Y. 478, and many other cases. This rule, however, does not apply where chattels or choses in action have been converted and misapplied, if they can be traced and identified, either as to the article or its proceeds. Hatch v. National Bank, 147 N. Y. 184, 41 N. E. 403; Stephens v. Board of Education, 79 N. Y. 183, 35 Am. Rep. 511; Van Alen v. American Nat. Bank, 52 N. Y. 1. In all these classes of cases, whether of money or property, the question has arisen where agents or other persons have wrongfully obtained money or property from a principal, or wrongfully misapplied money or property committed to their custody. In the case of money it cannot be followed where it has come into the hands of a bona fide holder for value, and an antecedent debt is a sufficient consideration. In the case of property it may be followed where it is capable of identification, and its proceeds or value may be recovered even though it has lost its identity. These cases, however, have no application to the present question. In this case Mrs. Brantingham recovered a judgment which required Mrs. Huff to deliver to her these securities, and Mrs. Huff obeyed the mandate of that judgment. The judgment was not void, and so long as it stood its operative force was to vest in Mrs. Brantingham title to the property which she received under it. She was authorized to deal with it as fully and completely during the period that it stood in like manner as though it had never been reversed. Any person dealing with her in respect of the property secured thereunder had the right to rely upon the faith of the judgment, was

protected in such dealing, and remains unaffected in his property right obtained thereby by its subsequent reversal. This is the express holding in Langley v. Warner, 3 N. Y. 327. Therein money was collected upon an execution, was received and applied by the defendant upon an antecedent debt. The judgment was subsequently reversed. In an action by the defendant in that judgment against the person who had received the money in discharge of his antecedent obligation it was held that the action would not lie; not for the reason that it was money, had no earmarks, and therefore could not be followed, but for the reason that the judgment vested the plaintiff therein with title to the money collected thereunder, and gave him authority to direct its application in discharge of the existing obligation against him; that the defendant had the right to rely upon the faith of the judgment, and was protected thereunder in receiving the money. The doctrine of this case has received support in Lovett v. German Reform Church, 12 Barb. 67; by this court in Lesster v. Lawyers' Surety Co., 50 App. Div. 181, 63 N. Y. Supp. 804; by the Second Department in Park Hill Co. v. Herriot, 41 App. Div. 324, 58 N. Y. Supp. 552; and many other cases. Having title to the property under the judgment, Mrs. Brantingham could and did convey to the attorney good title thereto, and the discharge of his obligation was a sufficient consideration to support such transfer. If, as is claimed, by virtue of his agreement he was a party in interest with Mrs. Brantingham in the judgment, the situation would not be changed. In either contingency he would take by the operative force of the judgment, and obtain thereby the same title which Mrs. Brantingham held, and could convey the same. In fact, the relation existing between Mrs. Brantingham and the attorney was that of attorney and client. The agreement between them related alone to the contingency of his compensation. It did not, however, change such relation. Consequently he took title from Mrs. Brantingham in discharge of the obligation which she was under to him, and thereby acquired good title. This title he could and did convey to the defendant in discharge of an antecedent debt, and thereby the defendant obtained a perfect title.

These views result in the conclusion that the judgment should be affirmed, with costs. All concur; PATTERSON, J., in result.