(53 Misc. Rep. 412)

## COE v. PATTERSON et al.

(Supreme Court, Trial Term, Monroe County. February 19, 1907.)

1. RECEIVERS — LIABILITIES ON BONDS — CONCLUSIVENESS OF ADJUDICATION AGAINST RECEIVER.

In an action against the sureties on the official bond of a receiver, a judgment against the receiver, rendered in a proceeding in the court which appointed him, and an order of that court directing him to pay the judgment, were admissible to establish the liabilities of the sureties, and the judgment was conclusive as to all questions determined in the proceeding in which it was rendered, unless fraud or collusion was shown.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Receivers, § 425.]

2. SAME—DISOBEYING ORDER OF COURT.

The failure of a receiver to obey the order of the court that appointed him, and whose instrument he is, to pay a judgment against him, rendered in a proceeding in that court, is a breach of his official duty, and will render the sureties on his official bond liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Receivers, § 423.]

3. SAME—TITLE TO AND POSSESSION OF PROPERTY.

Where a receiver of a corporation acquired funds by virtue of his appointment as receiver in New York, and in respect to the sale of assets in New York, he was bound to keep the custody of the fund as a New York receiver, and, unless he obtained authority from the courts of New York to transfer it to another state, where he was originally appointed, and where the home of the corporation was, the fund did not become an asset of the corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Receivers, §§ 411–416.]

4. SAME—ACTIONS—JUDGMENT—EXECUTION AND ENFORCEMENT.

A receiver is bound to pay a judgment against him, rendered in a proceeding in the court that appointed him, even though the order of the court directing him to pay the judgment is void for failure to comply with Laws 1883, p. 558, c. 378.

5. APPEAL—GROUNDS OF REVIEW—EXCEPTIONS.

Where a point is not raised at the trial, and there is no exception in the record presenting the question, it cannot be reviewed on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1141–1160.]

Action by George W. Coe against Mary Patterson and another, as administrators, etc., of Thomas G.· Patterson, deceased. Defendants move to set aside the verdict for plaintiff and for a new trial. Motion denied.

This action was brought to recover against the sureties upon the official bond of Henry D. Leslie, as receiver, the amount of a judgment recovered by Jeremiah Casey against said Leslie, as receiver, in this court in Monroe county on June 19, 1901, amounting for damages and costs to $5,375.96. An appeal was taken by Leslie from this judgment to the Appellate Division of this court, which was subsequently dismissed. On July 28, 1902, an order was made by this court at Special Term in Monroe county, on notice to Leslie, directing Leslie, as receiver, to pay the amount of said judgment to Casey. That order

was not complied with by Leslie, although served with a copy, and compliance with the order demanded of him. On the 11th day of March, 1905, Casey assigned said judgment, with all his rights thereunder, to plaintiff, and on April 1, 1905, this court, at Special Term in Monroe county, made an order permitting this action to be brought by Coe against Leslie and the sureties upon his official bond, and it appearing that Thomas G. Patterson, one of the sureties, had died, the order permitted the action to be brought against the defendants as administrators of his estate. The cause was tried at the November Trial Term in Monroe county, and, at the conclusion of the testimony, counsel for plaintiff and counsel for the defendants, as administrators, each moved for a direction of a verdict by the court in favor of their respective clients. A verdict was directed by the court in favor of the plaintiff for $7,118.78, being the amount of the judgment recovered by Casey against Leslie, as receiver, with accrued interest. Counsel for the defendants now moves to set aside the verdict and for a new trial upon all the grounds specified in section 999 of the Code of Civil Procedure.

Pierre M. Brown, for the motion.
Eugene Van Voorhis, opposed.

FOOTE, J. The Casey Machine & Supply Company was incorporated under the laws of the state of New Jersey. It carried on its business, however, in the state of New York, and its factory and all its assets were located in the city of New York. On the 7th day of January, 1891, in an action brought in this court by Simon Strauss against that company in the county of New York, an order was made at Special Term, reciting the previous appointment of Henry D. Leslie, Esq., of Richmond county, N. Y., as receiver of all the property and assets of said corporation by the Court of Chancery of the state of New Jersey, and directing that said Leslie be appointed as receiver of all the property and assets of said Casey Machine & Supply Company in the state of New York, with the usual powers and duties of receivers according to the laws of this state and the practice of this court, and directing that said receiver make and file with the clerk of the county of New York a bond to the people of the state of New York in the penal sum of $20,000, conditioned "upon the faithful discharge by said receiver of his duties as such, and upon his duly accounting for all moneys and property of every kind received by him as such receiver." Thereupon said Leslie made and filed his bond, which was duly approved on January 16, 1891, by a justice of this court, in the penal sum of $20,000, with Valentine Hill and Thomas G. Patterson (defendants' intestate) as sureties. The condition of this bond is that:

"If the said Henry D. Leslie shall faithfully discharge the duties of his trust as such receiver, then the obligation to be void; otherwise to be in full force and effect."

All the assets of this corporation were located in the state of New York, and consisted of machinery, patents, etc. On the 9th day of September, 1891, the Court of Chancery in New Jersey made an order directing the receiver to forthwith proceed to sell all the assets of the company, and that such sale take place at the company's factory in the city of New York, and on or about the 25th of September the assets were in form struck down and sold by the receiver to Jeremiah Casey for $29,500, and, in accordance with the conditions of the sale, Casey paid to the receiver 10 per cent., or $2,950. This sale was never con-

summated, and the judgment subsequently recovered by Casey against the receiver is for the amount so paid by Casey to the receiver upon this sale. The receiver claimed that the sale was not consummated on account of Casey's default. This Casey disputes, but it is not material here to determine where the fault lay. The Court of Chancery directed a resale of the property, and a sale was made of the same assets to Thomas G. Patterson, the defendants' intestate, for $11,700. An order was made by the New Jersey Court of Chancery at about this time, directing that the $2,950 which Casey had paid on his bid should be forfeited, and that the receiver, Leslie, should sue Casey to recover the difference between the amount of Casey's bid, $29,500, and the amount for which the assets were subsequently sold to Patterson, $11,700, and such an action was brought by Leslie, as receiver, against Casey, in the Supreme Court of New Jersey, and resulted on the 12th day of April, 1897, in a judgment of nonsuit.

While that action was pending, and on or about the 10th day of December, 1894, Casey brought an action in this court in Monroe county against Leslie, as receiver, to recover the $2,950, which Casey had paid upon his bid at the receiver's sale. The action came to trial at the January Trial Term, 1896, and resulted in a verdict in favor of the plaintiff for the full amount claimed, with interest, amounting in all to $3,687.50. The defendant pleaded as a defense, among other things, the orders which had been made by the Court of Chancery in New Jersey, forfeiting the amount paid by Casey upon his bid. Leslie appealed from the judgment entered upon this verdict to the Appellate Division of this court in the Fourth Department, and on January 13, 1905, an order of that court was made dismissing the appeal. On the 28th of July, 1902, an order was made by the Special Term of this court in Monroe county, on notice to Leslie, as receiver, by which he was ordered and directed to pay the plaintiff Casey, within 10 days from the date of the order, the sum of $5,375.96, being the amount of the judgment entered in the action of Casey against Leslie, as receiver, on June 19, 1901, for damages and costs, with interest thereon. This order was served upon Leslie, as receiver, and payment demanded; but Leslie neither complied with the order by paying the money, or has he since either appealed from the order or in any way sought to be relieved from it, or to have it vacated or modified. Thereupon, Casey having assigned the judgment with all his rights under it to the plaintiff, this action was begun by the plaintiff in April, 1905, an order having been made by this court permitting the plaintiff to sue the sureties upon Leslie's bond for the amount Leslie had been so ordered to pay and had not paid.

Plaintiff proved the judgment against Leslie, as receiver, and the order directing him to pay it, and rested. Defendants' counsel objected and excepted to the receipt of the judgment or order as evidence against the sureties to establish their liability. Defendants' counsel then presented the same question by motion for nonsuit and by offering to prove the same facts in defense that were proved in defense by Leslie, as receiver, in the action in which the judgment was recovered, and excepted to the rulings against him. These exceptions

present the principal question discussed upon this motion, viz., whether the judgment recovered by Casey against Leslie, as receiver, concludes the sureties upon Leslie's official bond. Plaintiff contends that it does, while the position of the defendants is that this judgment is res inter alios acta, and not even evidence against the sureties, except of the fact that such judgment was recovered.

I find it impossible to reconcile all that the courts in this state have said upon this subject. It would seem, however, that upon this question this court is concluded by what was decided in the case of Douglas v. Ferris, 138 N. Y. 192, 33 N. E. 1041, 34 Am. St. Rep. 435. It was there held that the sureties upon a guardian's bond were privies to the judgment recovered against the guardian, and that the judgment was conclusive upon the sureties, in the absence of fraud or collusion. While it is true that the condition of the bond in that case was that the guardian should, in addition to faithfully discharging his duties as guardian, "render a just and true account of all moneys and property received by him and of the application thereof to and before any court having cognizance thereof, when thereunto required," it is apparent from the opinion that the decision would have been the same had the bond provided simply for the faithful performance of his duties as guardian. The guardian in that case had in his hands funds belonging to his ward, and, upon the ward coming of age, the guardian induced him to accept certain obligations and securities of little or no value by means of false representations as to their value, whereupon a settlement of the guardian's accounts was had in Surrogate's Court and the guardian discharged. Some time after, upon discovering the fraud which had been practiced upon him, the ward brought his action in this court against the guardian, and procured a judgment rescinding the settlement and adjudging that the guardian was still indebted to him for the original amount of the fund. This not being paid, the ward sued the sureties upon the guardian's bond. It was held that the judgment recovered against the guardian concluded the sureties upon the official bond. It is said by O'Brien, J.:

"The judgment could be impeached for want of jurisdiction or for fraud or collusion, but in all other respects it became conclusive as evidence or by way of estoppel. The plaintiff could not have succeeded in his action against the guardian to annul the settlement and decree without showing that he had rescinded, any more than he can now succeed against the sureties without establishing the same fact; but the judgment in the former action adjudged that the transaction had been rescinded, and this concludes the defendants also."

This question has been more fully considered by Herman, in his work on "The Law of Estoppel and Res Judicata," than by any other text-writer. After considering the subject at length in sections 158, 159, and 160, he concludes the latter section as follows:

"Upon principle, therefore, the rule should be thus formulated that a judgment in an action against the principal alone for acts or omissions which are a breach of the conditions of his bond is, in the absence of fraud and collusion, conclusive evidence in an action brought by the same plaintiff against his sureties upon his official bond; the cause of action being the same."

And, in section 161, he says:

"It may therefore be said that, the authorities holding that judgments against a principal are prima facie evidence in an action against the sureties,

it is meant that, unless fraud or collusion or a mistake in the facts can be shown, the judgment is conclusive, and this doctrine is applicable in actions upon bonds or recognizances given for the faithful performance of duties of administrators, assignees, constables, sheriffs, trustees, and other parties filling offices of public or private trust."

The functions of receivers are so similar to those of administrators, assignees, and trustees that the same principles should control in respect to the liability of the sureties upon their official bonds. It is elementary that a receiver is an officer of the court, and is bound to obey the orders of the court by which he is appointed. Indeed, this is his principal duty. The condition of Leslie's bond as receiver is that he will faithfully discharge his duties as receiver. He was appointed by the Supreme Court, and that court has ordered him to pay the judgment recovered by Casey. That order was made on the 28th of July, 1902, nearly three years before this action was begun, and more than four years before the trial. It has remained in force during all that time, and it does not appear that the receiver has made any effort to be relieved from the order; nor is it suggested that it was procured through any fraud or collusion to which the receiver was a party. Thus, at the time of the trial, the receiver was in the attitude, if not of defying, at least of neglecting to obey, the order of the court whose hand and instrument he is. Nor is it contended on the part of the sureties that all the facts which they proved, or sought to prove, upon the trial of this action, were not presented before this court · by the receiver in the action brought by Casey against him. On the contrary, the same facts which the defendants present here as a defense were pleaded by the receiver as a defense in the suit brought by Casey by the same counsel, and they were held to be insufficient in law and fact to defeat Casey's suit. Under these circumstances, can it be said that Leslie has faithfully discharged his duty as receiver? Concededly, he is in the attitude of refusing to obey the order of this court. It was his duty to obey it. His sureties, in legal effect, bound themselves that he should obey it, for in no other way could he faithfully discharge his duties as receiver. Can they be heard now to say that there has been no breach of the condition of their bond and no failure on the part of the receiver to faithfully discharge his duties, because, forsooth, the verdict of the jury in Casey's suit was wrong, and should· have been for the receiver, instead of against him, and that the order directing the receiver to pay the judgment was erroneous because based upon an erroneous verdict? Can it be tolerated that the judgment recovered against the receiver shall stand, and the order directing the receiver to pay the judgment remain a permanent record of this court, and yet that the sureties upon the receiver's official bond be permitted to have the question submitted to another jury as to whether the receiver has not faithfully discharged his duties as such, upon precisely the same facts submitted to the court and jury by the receiver in his defense of the Casey suit? The question is not whether the Casey suit was rightly decided, or whether the receiver was rightly ordered to pay the judgment, but whether it became the duty of the receiver to pay that judgment. If such was his

duty, then, clearly, he has failed to discharge it, and, in that view, it is wholly immaterial whether that judgment was right or wrong.

The case would undoubtedly be different if the facts now presented by the sureties in defense of this action were facts not brought to the attention of the court at the time the order was made directing the receiver to pay the judgment, and which, if presented, would have led to a denial of that order, as was the case in Lesster v. Lawyers' Surety Co., 50 App. Div. 181, 63 N. Y. Supp. 804. There the receiver, by complying with one order of the court, had put it out of his power to comply with another order; but this fact was not known to the court at the time the latter order was made.

The $2,950, to recover which the Casey suit was brought, was not general assets of the corporation, but arose from a contract made by the receiver with Casey in New York in respect to the sale of assets in New York, the control and custody of which the receiver acquired by virtue of his appointment in New York. Manifestly, the receiver was bound to keep the custody of this fund as a New York receiver until he received authority from the courts of New York to transfer it to the New Jersey jurisdiction. Whether this view controlled the decision of Casey's suit against the receiver, we are not advised; but it does appear that, although the New Jersey Court of Chancery ordered Casey's $2,950 forfeited, and also authorized the receiver to maintain an action against Casey to recover the difference between his bid of $29,500 and the sum, $11,700, for which the property was subsequently sold, and Casey brought such an action in the Supreme Court of New Jersey, that court necessarily held, in nonsuiting the receiver in that suit, that Casey's contract with the receiver for the purchase of assets of the corporation was not enforceable, and that the receiver could not recover. So, we have two conflicting decisions in the New Jersey jurisdiction, by the latter of which the $2,950 paid by Casey to the receiver was not forfeited and remained Casey's money, and I think the judgment in favor of Casey against the receiver in this state established conclusively that the $2,950 did not become an asset of the corporation, but remained Casey's money.

The point is made that the order directing the receiver to pay this judgment to Casey was not made in compliance with the "Haggerty Act," so called (chapter 378, p. 558, Laws 1883), in that the motion was made in Monroe county, and not in the district where the receiver was appointed, and no notice was given to the Attorney General. Assuming, without deciding, that the order directing the receiver to pay is void for failure to comply with this statute, I think it still remained the duty of the receiver to pay the judgment recovered against him by Casey, and that he is shown to have failed to discharge that duty.

The point is also made that no recovery can be had against the sureties for the costs which form a part of the judgment recovered by Casey against the receiver. It is sufficient to say that no such point was made at the trial, and there is no exception in the record presenting that question.

The motion for a new trial must be denied.