FRANK GILLMORE, as Treasurer of the ACTORS' EQUITY ASSO-
CIATION, an Unincorporated Association Consisting of Seven or
More Members, Respondent, *v.* EQUITABLE SURETY COMPANY,
Appellant.

First Department, February 14, 1930.

*Alfred M. Lindau* of counsel [*Hughes, Schurman & Dwight,*
attorneys], for the appellant.

*Emily Holt* of counsel [*Paul N. Turner,* attorney], for the
respondent.

O'MALLEY, J. The plaintiff, as treasurer of the Actors' Equity
Association, herein referred to as Equity, sues on two bonds executed
by the Duo-Art Productions, Inc., herein referred to as Duo-Art, as
principal, and by the defendant as surety. The bonds were dated
May 5, 1927, and May 9, 1927, respectively, and were in the penal
sums of $2,400 and $12,600, respectively. Except as to date and
amount the bonds are identical, as are the two causes of action set
forth in the complaint. This appeal, therefore, may be disposed of

as if there were but one bond in the sum of $15,000 and but one cause of action.

In substance the complaint is to the effect that in May, 1927, Duo-Art was preparing to produce a play "Padlocks of 1927," and had entered, or was desirous of entering, into contracts of employment with certain performers, members of Equity. It alleges the execution of the bonds and performance of the production from May 30, 1927, to September 24, 1927; that Duo-Art entered into a contract with one Texas Guinan for the agreed compensation of $3,500 per week, and that, though she appeared during the entire presentation of the play, there is still due and owing to her from Duo-Art a balance of salary under the contract in the sum of $26,000.

Summary judgment has been granted against the defendant in the sum of $16,892, being the principal amount of the said bonds, together with interest, costs and disbursements. The decision at Special Term was predicated upon the assumption that a certain judgment in favor of Texas Guinan and against Duo-Art based upon an arbitration, awarding Miss Guinan a balance due of some $26,000, was conclusive on the defendant. The latter was not a party to the arbitration, nor was it sought to be vouched in.

The bonds, as already stated, were given to the plaintiff, as obligee, by the Duo-Art, as principal, and the defendant, as surety. They recited that the principal had entered into, or desired to enter into, contracts or agreements of employment with certain actors, members of Equity, affiliated with the obligee; that Equity desired " to protect all such members of the Actors' Equity Association * * * for salaries and transportation expense in connection with such employment and for all sums that may become due as salaries or damages for any breaches of such agreements of employment." The consideration of the obligation was that it would become null and void if the principal should pay " to each and every one of said actors that are or may be engaged by said principal, any and all salaries or amounts due and/or that may become due any or all of said actors for salaries * * *." As conditions precedent to the right of recovery, it was provided that the surety would be directly liable to the obligee which could enforce the agreement in its own name by action at law or otherwise; and that the total liability for " salaries or for breaches of contract of employment, or both, shall not exceed a sum equal to two weeks' salaries of any and all of the actors, members of the obligee * * *." A so-called " Authority of Principal " was made part of the bond, which, in effect, provided that the principal authorized and directed the surety without prior notice to the

principal to pay, up to the full amount of the bond, any sums claimed by Equity to be due its member.

It seems clear to us that the defendant has shown facts entitling it to defend, and that summary judgment was improperly granted against it. Contracts of suretyship are subject to the same rules of construction as all others as to intendment, purport and scope. The extent of the obligation of a surety "must be determined from the language employed when read in the light of the circumstances surrounding the transaction. * * *

"Under this rule of construction we must examine the bond in suit in the light of the facts and circumstances surrounding the parties, and thus determine their intent as indicated by a fair and reasonable construction of the language employed." ( *Ulster County Savings Inst.* v. *Young,* 161 N. Y. 23, 30; *Hill* v. *American Surety Co.,* 200 U. S. 197, 203.)

Under the bonds in suit the defendant obligated itself to pay such sums as might be due for salaries. It did not obligate itself to pay such sums as might be adjudicated due for such salaries in an action between the obligee and the principal, to which action it was not a party. It was entitled to be heard upon that question. ( *Thomson* v. *MacGregor,* 81 N. Y. 592; *Lesster* v. *Lawyers' Surety Co.,* 50 App. Div. 181; *People ex rel. Collins* v. *Donohue,* 70 Hun, 317; *People ex rel. Tuthill* v. *Russell,* 25 id. 524; *Berry* v. *Schaad,* 50 App. Div. 132.)

It was clearly error, therefore, to hold the arbitration award and judgment binding on the defendant, with respect to salary claimed to be due. Particularly is this so where, as here, there is claimed a modification of the terms of employment with respect to the amount of salary.

We are further of opinion that the defendant has shown some merit in its claim that under the terms of its obligation its liability was to be limited to two weeks' salary due to particular performers. However, this question is left open for the trial justice, to be decided in the light of the authorities above cited.

It follows, therefore, that the orders and judgment appealed from should be reversed, with costs, and the motion for summary judgment denied.

Dowling, P. J., Merrell, Martin and Proskauer, JJ., concur.

Judgment and orders reversed, with costs, and motion for summary judgment denied, with ten dollars costs.