PEARL ANN SLAGLE, Respondent, *v.* NEW AMSTERDAM CASUALTY COMPANY, Appellant.

DAVID PARIS, Lienor, Appellant.

First Department, December 24, 1934.

*J. G. Fink* of counsel [*Eidlitz, French & Sullivan*, attorneys], for the appellant New Amsterdam Casualty Company.

*David Paris*, lienor, appellant, in person.

*Reginald Field* of counsel [*Field & Field*, attorneys], for the respondent.

UNTERMYER, J.   The defendant New Amsterdam Casualty Company appeals from a judgment entered upon an order granting the

plaintiff's motion for summary judgment. The lienor, David Paris, appeals from that part of said order which fixes his lien upon the judgment, contending that he is entitled to a larger lien than the court allowed. If, however, the judgment against the casualty company is reversed, the order fixing the attorney's lien thereon will have nothing to sustain it and must be dismissed.

The plaintiff is the wife of T. Galvin Slagle, who was committed to the jail of Queens county for non-payment of alimony. He escaped from jail and has not been found. Thereafter an action was begun by the plaintiff against Samuel J. Burden, then sheriff of Queens county, in which judgment was recovered against the sheriff. Execution on the judgment was issued on January 11, 1933, but was not returned unsatisfied until March 14, 1933. This action was commenced on January 14, 1933, three days after the execution was issued and two months before it was returned unsatisfied. The present action is against the sheriff's surety upon an undertaking executed by the defendant casualty company, conditioned that " if the said Samuel J. Burden shall faithfully perform the duties of his said office, then this obligation shall be void, otherwise it shall remain in full force and effect."

To sustain the action the plaintiff relies upon the judgment which she recovered in the action against the sheriff. The casualty company, however, was not a party to that action and was not even served with notice therein. (Compare Correction Law, § 551.) It is clear, we think, that, under a bond so conditioned, the judgment against the principal is not binding on the surety (*Adams* v. *United States Fidelity & Guaranty Co.*, 239 App. Div. 525; affd., 264 N. Y. 550), which was not accorded any opportunity to defend. Although it is conceded here that the plaintiff's husband escaped from jail, the defendant is still entitled to litigate the amount of the plaintiff's damages, whether under the Correction Law (§§ 514 and 526) or otherwise. These damages were not established by any facts disclosed upon the motion, otherwise than by the judgment against the sheriff which, as we have said, is not binding upon this defendant.

There is a further objection to the maintenance of the action. Section 862 of the Civil Practice Act provides: " If judgment is recovered against the sheriff upon his liability as bail, and an execution thereon is returned wholly or partly unsatisfied, the official bond of the sheriff may be prosecuted as in any other case of delinquency." It seems to be conceded that the action was begun two months before the execution against the sheriff was returned unsatisfied. At that time a condition precedent to any liability accruing on the defendant's bond had not occurred. In any event,

therefore, the action was premature. (*Burns* v. *Lopez*, 256 N. Y. 123; *Cowles* v. *Rochester Folding Box Co.*, 179 id. 87.)

The judgment and order appealed from should be reversed, with costs to the defendant, appellant, and plaintiff's motion for summary judgment denied, with ten dollars costs.

FINCH, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Judgment and order reversed, with costs to the defendant, appellant, and the motion denied, with ten dollars costs. Appeal of the lienor dismissed, without costs.