BRESCIA CONSTRUCTION COMPANY, INC., Appellant, *v.* WALART CONSTRUCTION COMPANY, INC., Defendant, Impleaded with NEW AMSTERDAM CASUALTY COMPANY, Respondent.

First Department, June 20, 1935.

*Meyer Levy*, for the appellant.

*J. G. Fink* of counsel [*Harry N. French* with him on the brief; *Eidlitz, French & Sullivan*, attorneys], for the respondent.

UNTERMYER, J. The plaintiff, a contractor, brings this action to foreclose a mechanic's lien against real property owned by the

defendant Walart Construction Company, Inc. The New Amsterdam Casualty Company was made a defendant for the reason that it had furnished the usual statutory bond to discharge the lien.

After joinder of issue by the interposition of answers by both defendants, the owner, pursuant to a provision contained in its contract with the plaintiff, demanded and secured arbitration of the amount due under the construction contract. The arbitration resulted in an award in favor of the plaintiff against both the defendants for the sum of $10,641.60, with interest, which was confirmed by the Supreme Court and upon which judgment was entered against both. From that judgment the casualty company alone appealed. The judgment was reversed by this court (238 App. Div. 45), and its decision was affirmed, with opinion, by the Court of Appeals (264 N. Y. 260). The reversal was upon the ground that the casualty company's undertaking " is ' conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien.' (Lien Law, § 19, subd. 4.) The obligation of the surety is defined by that condition and may not be enlarged, without its consent, into an obligation to pay the amount which arbitrators might award to the lienor under the construction contract " (264 N. Y. 264).

The plaintiff then moved for summary judgment under rule 113 of the Rules of Civil Practice against both defendants, demanding judgment foreclosing its mechanic's lien. The surety in its own behalf appeared and opposed the motion. The owner defaulted, even though, until then, it had opposed, together with the surety, each step taken by the plaintiff. No doubt the reason for the default was that after judgment was entered against the owner on the award of the arbitrators that defendant did not consider that it was directly affected by the foreclosure of the lien which the casualty company had discharged. The motion for summary judgment was granted against both defendants and judgment in the usual form of foreclosure in a mechanic's lien action was entered against both the owner and the surety. The casualty company only appealed to this court, which again reversed the judgment, but, of course, only in so far as it affected the surety (238 App. Div. 360). Consequently, the judgment of foreclosure entered against the owner of the property, from which no appeal was taken, remains in full effect. The principal ground of the reversal was that there were issues of fact raised by the casualty company's opposing affidavits " affecting the validity of the notice of lien which may not have been determined and which can only be decided after a trial before a court or jury " (p. 363).

Following the decision of this court the plaintiff brought the action to trial. It offered in evidence the bond furnished by the casualty company discharging the lien, whereby it had stipulated that " if the above bounden Walart Construction Co., Inc., shall well and truly pay any judgment which may be rendered against said property in favor of the aforesaid lienor for the enforcement of the lien in any action or proceeding to enforce said alleged lien, then this obligation shall be void, otherwise to remain in full force and virtue." The plaintiff also offered in evidence its judgment against the Walart Construction Company, Inc., entered by default upon the plaintiff's motion for summary judgment, which adjudged that it had acquired a valid lien against the real property on which the improvements were made for the amount of the judgment against the owner entered on the award of the arbitrators. The casualty company offered no evidence in opposition, but moved to amend its answer by alleging the invalidity of the notice of lien because it failed to state the reasonable value of the labor and materials furnished. It expressly refrained, however, from offering in evidence the notice of lien which was asserted to be defective in this respect. The trial court thereupon, relying on our decision in *Brescia Construction Co., Inc.,* v. *Walart Construction Co., Inc.* (238 App. Div. 360), dismissed the complaint upon the ground that the plaintiff " has made no attempt to introduce evidence bearing upon the various issues which the Appellate Division specifically referred to as ' undetermined.' " In so ruling we think the learned trial justice overlooked the fact that the issues which were contested by affidavit on the motion for summary judgment were not contested by any evidence offered by the casualty company at the trial and that the judgment against the owner was at least *prima facie* evidence of the liability of the surety on the bond given to discharge the lien.

By its bond the surety agreed to " pay any judgment which may be rendered against said property in favor of the aforesaid lienor for the enforcement of the lien." Thus by express agreement of the parties the recovery of such a judgment was the contingency on which the surety's liability was made to depend. Speaking of such a bond, the court in *Morton* v. *Tucker* (145 N. Y. 244) said: " The sureties in the bond intended, and must be understood as undertaking, to pay the amount which it should be adjudged was due and owing to the plaintiffs and which was chargeable against the property by virtue of their notice of lien. In other words, the condition was for the payment of any judgment which might have been rendered against the property had not the bond been given." Unlike the undertakings which were under consideration

in *Thomas* v. *Hubbell* (15 N. Y. 405) and *Bridgeport Ins. Co.* v. *Wilson* (34 id. 275), the bond here is not merely a general covenant to satisfy any lawful mechanic's lien against the property (Cf. *Slagle* v. *New Amsterdam Casualty Co.*, 243 App. Div. 79; *Adams* v. *United States Fidelity & Guaranty Co.*, 239 id. 525; affd., 264 N. Y. 550), but is one in which " the covenantor expressly makes his liability depend on the event of a litigation to which he is not a party, and stipulates to abide the result." (*Bridgeport Ins. Co.* v. *Wilson, supra.*) The general rule is that, in the absence of fraud or collusion, a covenant so conditioned is broken by the recovery of the judgment to which it relates. (*Douglass* v. *Howland*, 24 Wend. 35; *Douglass* v. *Ferris*, 138 N. Y. 192, and authorities cited; 1 Freeman Judgments [5th ed.], § 458; Spencer Suretyship, p. 356.) From these authorities, and from many others that might be cited, it follows that the judgment against the owner, which is not claimed to have been collusively secured, established at least *prima facie* the liability of the surety on its bond. Since the defendant casualty company offered no proof at the trial, but rested at the conclusion of the plaintiff's case, the judgment in its favor must be reversed in any event.

It becomes important, however, to consider further whether the judgment against the owner is *prima facie* evidence against the surety, or whether it is conclusive, because, if it is conclusive, judgment should now be directed in favor of the plaintiff; if *prima facie* only, then a new trial should be ordered so that the surety may establish, if it can, that notwithstanding the default judgment against the owner there was in fact no liability. Had the judgment against the owner not been taken by default, it would, under the authorities cited, establish conclusively the liability of the surety. Perhaps on principle there should be no distinction between the effect of such a judgment in a contested case and one entered by consent (1 Freeman Judgments [5th ed.], § 465) or secured, as was the judgment here, upon default. Recognition, however, of practical rather than of theoretical considerations has produced the rule that even in the absence of collusion or fraud a judgment against the principal entered by consent (*Conner* v. *Reeves*, 103 N. Y. 527), or upon default (*Aeschlimann* v. *Presbyterian Hospital*, 165 id. 296), is only *prima facie* evidence against the surety and that the surety remains at liberty to contest its own liability by establishing affirmatively that the principal was not liable.

For these reasons we conclude that although the plaintiff established a *prima facie* cause of action against the casualty company which upon the present record would entitle it to judgment in its favor, there should be a new trial in order that the defendant

casualty company may develop the facts on which it relies as invalidating the plaintiff's lien.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.