Arthur E. Blyn, J.
A guarantee is a guarantee! A guarantee is a guarantee % This case demonstrates the pitfalls encountered when a party sues on a guarantee.
The plaintiff, engaged in the business of printing with some specialization in the field of preparing the necessary printed matter in connection with ‘ going public ’, was requested to do such printing work for DCCA, Inc. DCCA, Inc., was in the process of preparing a public offering (going public). The plaintiff, apparently uncertain as to the financial condition of DCCA demanded payment in advance. DCCA, unable or unwilling, refused. The defendants, a firm of attorneys representing DCCA in the public offering, in order to induce the plaintiff to do the printing offered and executed a written guarantee.
The plaintiff did the work, billed DCCA, and after dunning the company for payment over a period of months without success, commenced a suit against it for the work, labor and services *15 performed and for an “ account stated DCCA did not contest the suit and judgment was entered against it, on default, in the sum of $4,526.58 (the sum sued for by the plaintiff in the case at bar). The judgment was not paid. The plaintiff then commenced the within cause of action on the guarantee.
The guarantee, addressed to the plaintiff and executed by the defendants, read: “ This is to confirm our understanding whereby we have agreed to guarantee the payment of all printing costs incurrred by the above noted company [DCCA, Inc.], in connection with the printing of its Offering Circular.” After introducing the guarantee into evidence the plaintiff entered into evidence a certified copy of the default judgment it had secured against DCCA. The plaintiff’s witness then testified that it had demanded payment of the judgment and that it had not been paid. Plaintiff then rested. The defendants moved to dismiss on various grounds. Plaintiff became aware of a problem in its proof and made application to the court for permission to reopen its case and in the interests of justice the court granted this relief.
Plaintiff then offered into evidence the court file of the pleadings in its suit against DCCA. This offer, over the objection of defendants, was granted and the court file was admitted into evidence. The court file clearly demonstrated that the subject of the action against DCCA and the default judgment was the printing work done by the plaintiff and covered by the defendants’ guarantee. This was then followed by an effort, made mainly during the defendants’ case, which was in the opinion of the court very unsuccessful, to prove the fair and reasonable value of the printing services rendered to DCCA.
The equities are clearly with the plaintiff. There is no question that it did the work relying solely on the guarantee of the defendants. There is also no question in the court’s mind that the printing work done also benefited the defendants as attorneys for DCCA in the public offering. The law, however, acts to defeat the plaintiff’s cause of action. The guarantee sued on stated that the defendants would " guarantee the payment of all printing costs.” It did not guarantee that it would pay any judgment which might be entered against DCCA for printing work. Even if the guarantee had covered specifically the payment of any judgment secured by the plaintiff the cases hold that the introduction into evidence of a default judgment would only be prima facie evidence of such a claim. (Brescia Constr. Co. v. Walart Const. Co., 245 App. Div. 105.) As to a guarantee of payment the cases hold that a surety *16 (the defendants) is not bound by the default of the principal (DCCA) and may contest its liability to the indemnitee (the plaintiff). (Aeschlimann v. Presbyterian Hosp., 165 N. Y. 296.) In another case decided in the First Department the court said, in reversing a motion for summary judgment granted on the basis of a judgment in favor of Texas Gruinan against the principal debtor: “ determine their intent as indicated by a fair and reasonable construction of the language employed. ’ [Citations omitted.] Under the bonds in suit the defendant obligated itself to pay such sums as might be due for salaries. It did not obligate itself to pay such sums as might be adjudicated due for such salaries in an action between the obligee and the principal, to which action it was not a party. It was entitled to be heard upon that question. [Citations omitted.] ” (Gillmore v. Equitable Sur. Co., 228 App. Div. 188, 190). Further in Adams v. United States Fid. & Guar. Co. (264 N. Y. 550), the Court of Appeals held that the obligor was not bound by a judgment secured against the principal evidenced by the admission into evidence of the judgment roll of the Municipal Court and was entitled to its day in court on the question of plaintiff’s damages. In Mulry v. Eckerson (149 App. Div. 29, 31) the court stated: “ It is the law in this State that a judgment against the principal is not even evidence against his surety unless the latter had notice of the suit and an opportunity to defend. [Citations omitted.] The exception is where the covenant is to indemnify against the consequences of a suit. (See Bridgeport Ins. Co. v. Wilson, 34 N. Y. 275.) ”
The case at bar falls squarely within the class of cases where the guarantee runs only to the matter of damages sustained by the obligee. In this class of cases the obligor must have the opportunity to test the extent of the damages, if any, in the suit by the obligee against the obligor.
In this case the only facts in evidence were the default judgment and the judgment roll which under the case law cited do not constitute proof as to damages. If the plaintiff had adequately prepared for and proven the fair and reasonable value of the printing work it would have prevailed. Not only did it not succeed in such proof but protested even while attempting to offer such proof that it was unnecessary to do so.
These are the findings of fact and conclusion of law.
Judgment for the defendants dismissing the complaint of the plaintiff,