■ COMPUGRAPHIC CORPORATION, Respondent, v FOXFIRE ENTERPRISES, INC., Appellant.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered April 8, 1991, which granted plaintiff's motion for summary judgment is affirmed, with costs.

This is an action on a guarantee. Plaintiff Compugraphic Corporation entered into an agreement with Design Studio, Inc. (Design), effective April 20, 1983, for the lease of certain "SYSTEM AND SOFTWARE" (photo composition) equipment. On January 18, 1983, defendant Foxfire Enterprises, Inc. (Foxfire) guaranteed payment of the indebtedness. The guarantee was signed by the president of Foxfire, George Gonos. Design defaulted and this action followed.

In opposition to the motion by plaintiff for summary judgment, the defendant submitted nothing by anyone connected with it or with knowledge of the facts. No affidavit was submitted by George Gonos. Instead, defendant submitted an affidavit by Diane Garrett, a person who claims to have worked with Design Studio. In it, she claims that the equip-

ment was faulty and that the plaintiff's (Compugraphic) representations were fraudulent.

In addition to the defendant's failure to produce anyone with knowledge of the facts in opposition to this motion, the outcome of a Federal action (1985-2 Trade Cas [CCH] ¶ 66,793, US Dist Ct, ED NY, Sept. 16, 1985 [83 CV-3998]) brought by Design against plaintiff here, Compugraphic, and others relevant to a resolution of this action is not addressed. The action, described by Judge Constantino as "[o]stensibly and originally, an anti-trust action" was dismissed for failure to proceed with discovery (Fed Rules Civ Pro, rule 37 [b]) and for failure to prosecute (Fed Rules Civ Pro, rule 41 [b]). The Federal court also granted Compugraphic's counterclaims against Design on default. In its decision, the Federal court noted that Design Studio did not appear to be a corporate entity or partnership and that its officers or anyone else with an ownership interest could not be located. The Federal court further noted the lack of ownership interest of Diane Garrett whose affidavit was submitted in opposition to the plaintiff's motion herein and, also a lack of knowledge of where the equipment in question is.

Under these circumstances, summary judgment was properly granted to the plaintiff. Concur—Murphy, P. J., Ellerin and Smith, JJ.

Sullivan and Milonas, JJ., dissent in a memorandum by Sullivan, J., as follows: I would reverse and deny summary judgment. As guarantor, defendant agreed to be "fully bound" by any judgment against Design Studio in any claim or suit arising under the guarantee. Such a provision notwithstanding, however, where a default judgment has been entered against an obligor, the surety may contest its own liability by establishing that the obligor was not liable. *(Brescia Constr. Co. v Walart Constr. Co.,* 245 App Div 105, 108.) Thus, while the Federal court judgment, entered upon default, in favor of plaintiff on its counterclaims against Design Studio, the obligor, constitutes *prima facie* evidence of its case on the underlying obligation, it is not conclusive. *(Supra.)*

Nor do I agree with the majority that the affidavit of Diane Garrett is insufficient to defeat summary judgment. Her affidavit, detailing, *inter alia,* numerous instances of plaintiff's misrepresentations, breaches of warranties, and failure to perform its obligations under the lease, was based on personal knowledge as "the primary individual at [DESIGN] STUDIO to handle the transactions regarding the repair and upkeep of [plaintiff's] equipment". An affidavit of defendant's principal is

not required. While the deposition testimony of Ms. Garrett was found to be insufficient in the Federal court action to satisfy Design Studio's obligation to appear for a noticed deposition, there is no showing that the same matters are at issue herein. Indeed, to the extent the Federal court cited instances of her lack of knowledge in her deposition testimony, it is clear that it was with respect to other matters.

A court's function in the resolution of a summary judgment motion is issue finding, not issue determination. (*Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 531-532.)