Row *against* SHERWOOD and HAMILTON.

THIS was an action for a *malicious prosecution*. The declaration stated, that the plaintiff was an innkeeper, and that the defendant, *Sherwood*, was a justice of the peace, and that the other defendant, *Hamilton*, did, by a wicked combination with *Sherwood*, complain to him against the plaintiff, for selling spirituous liquors, by retail, without license; that a warrant was accordingly issued against the plaintiff, who was arrested, and carried before another magistrate, and there discharged. At the trial, the plaintiff was nonsuited.

*In an action for a malicious prosecution, against a justice of the peace and another, in which the plaintiff was nonsuited, at the trial, the defendants having pleaded separately, it was held, that the justice was entitled to double costs, and the other to single costs, to be taxed separately.*

· The defendant, *Sherwood*, moved for *double costs*, under the act (*Laws*, vol. 1. 233.) which declares, that if any action upon the case, &c. be brought against any justice of the peace, &c. for or concerning any matter or thing by them done, by virtue of their office; and the plaintiff becomes nonsuited, &c. the court in which the action shall be brought, shall allow to the defendant his double costs, by reason of his wrongful vexation in defence of his action, &c.[*]

[*] 24 sess. c. 47. s. 1.

*Per Curiam.* The justice was sued " for or concerning a matter or thing done by virtue of his office ;" and therefore he is entitled to double costs for this " wrongful vexation." But, as it appears from the declaration, that the other defendant was sued for maliciously prosecuting the warrant, and not for any act done " in aid or assistance, or by commandment" of the justice, he is not entitled to double costs. As the defendants separated in their pleas, the costs can be taxed separately, according to their respective rates of allowance.

VAN NESS, J. dissented.