## SUPREME COURT.

ZERA BRADLEY agt. LEWIS D. FAY and JOSEPH LOVELL.

The former practice in allowing or refusing *double costs* to public officers, must still prevail. Therefore, where such officer has *joined* in a plea or answer of justification with a party who is not entitled to double costs, no such costs can be allowed him. It is different where the officer and the other party answer *separately.*

The statute, in giving double costs "to any other person," in actions against him for any act done by the command of such officers, or in their aid and assistance, applies only to third persons, and not to a party to the action or proceeding in which the process originates.

*Cuyuga Special Term, November*, 1859.

MOTION for double costs to the defendant Fay, who took the goods, as sheriff of Steuben county, by virtue of an attachment. The defendants put in a joint answer, justifying the taking of the goods for which the action was brought, by virtue of an attachment in an action in this court, in which the defendant Lovell, and one Colles, were plaintiffs, and Franklin W. Bradley was defendant. It is alleged, in the answer, that the defendant Lovell acted in aid of the sheriff. The defendants, on the trial, had a verdict in their favor.

E. G. LAPHAM, *for defendant Fay.*

S. H. HAMMOND, *for plaintiff.*

JOHNSON, Justice. It is now settled that the statute, giving double costs to officers in actions brought against them for acts done by them in their official character, is not repealed or affected by the Code. (*Bartle* agt. *Gilman,* 18 *N. Y. R.* 260 ; *S. C.*, 17 *How.* 1.) The former practice, however, in allowing or refusing costs in such cases, must be held still to prevail, and no such costs can be allowed to an officer who has joined in a plea of justification with one who is not entitled to double costs. (*Wales* agt. *Hart,* 2 *Cowen,* 426.) It is different where the officer and the other party answer separately.

VOL. XVIII.     31

The reason of this seems to be that, upon a single verdict, in a joint answer, there can be but one taxation of costs, and, the other party having no right to double costs, the officer joining in the answer of justification, and having a joint verdict, loses his right to such costs. (*Row* agt. *Sherwood*, 6 *Johns.* 109.)

It is alleged, in the answer, that the defendant Lovell, in what he did, acted in aid and assistance of the sheriff only. The statute gives double costs " to any other person," in actions against him for any act done by the command of such officers, or in their aid and assistance. But this, I apprehend, applies to third persons only who are called upon by the officer to assist him, and who have no connection with, or interest in the execution of the process, and are not parties to the action or proceeding in which the process originates.

The defendant Lovell, being one of the plaintiffs in the action, was acting in his own behalf, and not solely in aid of the sheriff, and is not one of the persons for whose benefit the statute was intended, and had no right to double costs.

The motion must, therefore, be denied.