HARRISON P. BISHOP, RESPONDENT, v. GILBERT L. MOSHER AND ANOTHER, APPELLANTS.

*Constable — selling property exempt by law from execution — the sureties on the constable's bond are liable therefor.*

Gilbert S. Mosher and Mortimer N. Pratt became sureties upon an official bond given by Joseph C. Cole, as a town constable, by the terms of which the obligors severally agreed to pay to each and every person who might be entitled thereto all such sums of money as the said constable might become liable to pay on account of any execution which might be delivered to him for collection, and also to pay each and every person any damages which he might sustain from or by any act or thing done by said constable by virtue of his office of constable.

An execution against Harrison P. Bishop was delivered to Cole, as constable, under which, against Bishop's protest, Cole sold certain property which was exempt by law from execution, for the value of which Bishop subsequently recovered judgment against Cole. Bishop, being unable to collect anything from Cole under this judgment, brought an action against the sureties, who interposed a demurrer to his complaint, insisting that as the property had been held to be exempt Cole's act was a trespass, and that they were not liable for it. *Held,* that this position was untenable.

That, in levying upon the exempt property, Cole did not commit a trespass, as the exemption was the personal privilege of Bishop, which he might or might not have asserted.

That, upon being informed that the property was claimed to be exempt, it became
the duty of Cole to investigate and determine upon the right to exemption.

That, in this duty and in selling the property, Cole was proceeding as a constable.

That his act in selling was an official act, done by virtue of his office, and that his
sureties were liable.

*People ex rel. Kellogg* v. *Schuyler* (4 N. Y., 173) followed; *People ex rel. Comstock*
v. *Lucas* (93 id., 585) distinguished.

APPEAL by the defendants, Gilbert L. Mosher and Mortimer N.
Pratt, from an interlocutory judgment of the Supreme Court, entered
in the office of the clerk of Cattaraugus county on the 9th day of
March, 1892, overruling a demurrer interposed to the complaint,
with costs.

This action was brought against the defendants, as sureties upon
the official bond of Joseph C. Cole, a constable of the town of
Little Valley. The complaint alleged the recovery of a judgment
in the Justice's Court against the plaintiff, Harrison P. Bishop;
the issuing and delivery of an execution to Cole, as constable,
directing him to satisfy the judgment out of the personal property
of this plaintiff (the defendant therein) within the county of Catta-
raugus, not exempt from levy and sale by virtue of an execution.

Cole, acting under and by virtue of the execution, levied upon a
large amount of personal property belonging to the defendant in said
execution. Some of the property so levied on was exempt from
levy and sale by virtue of an execution; the plaintiff duly claimed
said exemption and forbade the sale of the exempt property; Cole,
who was, at the time of the levy and sale under the execution, a
constable of the town of Little Valley, notwithstanding such claim
or exemption, sold all of the property, including that which was
claimed to be exempt. The exempt property consisted of a pair of
horses, double harness, a drag, mowing machine, one pair heavy
bob-sleds and one heavy set of trucks used as a wagon. The defend-
ant in said execution was a householder, and the described property
was necessary for the carrying on of his business, and such exempt
property was worth $250.

A judgment was recovered against the constable for the value of
said exempt property in a Justice's Court. An execution was duly
issued on said judgment and returned wholly unsatisfied. The
defendants had duly executed, under their hands and seals, a
bond whereby they jointly and severally agreed to pay to each and

every person who might be entitled thereto all such sums of money as the said constable might become liable to pay on account of any execution which should be delivered to him for collection; and also to pay each and every person any damages which he might sustain from or by any act or thing done by said constable by virtue of his office of constable.

A demurrer was interposed to the complaint, the objection thereto being that it failed to state facts sufficient to constitute a cause of action; the demurrer was overruled and an interlocutory judgment entered, and from that judgment an appeal was taken to this court.

*W. T. Thrasher*, for the appellants.

*Charles Z. Lincoln*, for the respondent.

LEWIS, J.:

The defendants contend that it having been adjudged that the constable had no right under his execution to sell the exempt property, he committed a trespass in so doing, and that they, as sureties, are not liable for his acts. The constable did not commit a trespass in levying upon the exempt property; the exemption was a privilege personal to the defendant in the execution; he could claim it or not, as he wished. (*Sullivan* v. *Farley*, 63 How., 371; *Brooks* v. *Hathway*, 8 Hun, 290.)

Upon being notified by the defendant that he claimed the exemption, it was the duty of the constable to investigate the facts and determine, as well as he could, whether it was, in fact, exempt property. He was required to determine whether the defendant in the execution was a householder or had a family for which he was providing, and whether the articles mentioned were necessary for defendant as such householder, etc. The determination of this question was in the line of his duty as a constable. When he came to the conclusion that the property was not exempt, and determined to sell, he assumed to proceed by virtue of his office as constable.

It was thereafter determined by the judgment of the court that the property was, in fact, exempt from levy and sale, and that the constable had no right to sell it, and that he was liable in an action for trespass, for the value of the property. Every act performed

by him he claimed to do in his official capacity as constable; he applied the proceeds of the sale, we assume, to the satisfaction of the execution.

The question here presented has been much litigated in the courts of this and other States, and it is difficult to reconcile all of the decisions; the weight of authority in this State sustains the plaintiff's contention that the selling this exempt property was an official act, an act done by virtue of his office as constable.

It was held in *Cumming* v. *Brown* (43 N. Y., 514), that the taking by a deputy sheriff of the property of another by virtue of an attachment against the debtor's property and selling the same, under execution, to satisfy a judgment in the action, were official acts.

In the *People ex rel. Kellogg* v. *Schuyler* (4 N. Y., 173) the defendants were sureties of a sheriff upon a bond conditioned for the faithful performance of the duties of his office, etc. The sheriff, by virtue of an attachment against the property of an absconding debtor, seized and sold the goods to another person. It was held that the act constituted a breach of the official bond of the sheriff, and that an action on the bond would lie against him and his sureties in behalf of such owner. It is difficult to distinguish between the liability of sureties upon an official bond conditioned for the faithful performance of the duties of an office and one conditioned to pay damages which may be sustained by any act or thing done by virtue of the office of an official.

In either case, when committing a trespass, it may, with considerable plausibility, be argued that he was not performing an official act; that the act was beyond and outside of his office.

The doctrine of the case of the *People ex rel. Kellogg* v. *Schuyler* has been approved by the courts of this State and of the United States.

In *Lammon* v. *Feusier* (111 U. S., 17), Justice GREY, in an elaborate opinion, reviews the authorities, and holds that a marshal and his sureties are liable where the marshal levies upon the property of another on a process against defendant.

A justice of the peace sued for malicious prosecution is sued for an act done by virtue of his office. (*Row* v. *Sherwood*, 6 Johns., 109.)

The appellants' counsel claims that the case of the *People ex rel. Comstock* v. *Lucas* (93 N. Y., 585) is in conflict with the doctrine of the *People ex rel. Kellogg* v. *Schuyler* (*supra*). The condition

of the bond in the Lucas case was that the constable would pay over to the persons entitled thereto, all such sums of money as he should become liable to pay on account of any execution delivered to him for collection. The alleged breach consisted in seizing the goods of a third person under an execution against the property of another. The court held that the sureties were not liable because of the special and limited language and purposes of the bond. This case does not disturb, we think, the doctrine of the *People ex rel. Kellogg* v. *Schuyler.*

The officer in this case and the officer in the Schuyler case were both attempting to carry out their instructions. In doing so they performed acts which gave a cause of action against them, but what each did pertained to the duties of his office; he was attempting to perform an official duty. It is not alleged in the complaint that Cole acted in bad faith in selling the exempt property of the plaintiff.

Although the question here presented is, perhaps, not free from doubt, we are of the opinion that the selling of the exempt property by Cole was an act done by virtue of his office of constable, and that his sureties are liable upon their bond to the plaintiff for the damages he sustained thereby.

The judgment appealed from should be affirmed, with costs; with leave to the defendants to answer the complaint within twenty days after service of a notice of the entry of judgment upon payment of the costs.

DWIGHT, P. J., and MACOMBER, J., concurred.

Interlocutory judgment appealed from affirmed, with costs; with leave to the defendants to answer the complaint within twenty days on payment of costs.