### BERRY v. SCHAAD et al.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

1. CONSTABLES—OFFICIAL BOND—LIABILITY OF SURETIES—TRESPASS.

    Where the official bond of a constable bound him and his sureties to pay each and every person for any damage he might sustain from any act or thing done by such constable by virtue of his office as constable, such sureties were liable for a seizure and sale of property by such constable on an execution, even though such seizure and sale were in excess of his authority and a trespass.

2. SAME—DAMAGES—JUDGMENT—ACTION.

By the terms of an official bond, the constable and his sureties jointly and severally agreed and undertook to pay each and every person for any damage he might sustain from any act or thing done by such constable by virtue of his office as constable. *Held,* that party aggrieved by a breach of the constable's bond was entitled to sue the sureties at once, without first recovering judgment against the sureties.

3. SAME—COSTS.

Sureties on the official bond of a constable cannot be held liable for the costs of a litigation against their principal to which they were not parties.

4. SAME—ACTION AGAINST PRINCIPAL—NOTICE—JUDGMENT—EFFECT—EVIDENCE.

In an action against the sureties on a constable's official bond, a prior judgment against such constable in an action for conversion for making a wrongful levy, of which action the sureties had no notice, is neither conclusive nor prima facie evidence of the facts which were essential to its recovery.

Appeal from special term, Monroe county.

Action by Edwin C. Berry against Henry J. Schaad and another. Judgment for plaintiff, and from an order granting a new trial (59 N. Y. Supp. 551) plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Bert E. Farnham, for appellant.

John Desmond, for respondents.

LAUGHLIN, J. The action was brought to enforce the liability of the sureties on the official bond of a constable. The complaint was framed and the action was tried upon the theory that the liability of the sureties, and the extent thereof, were conclusively established by a prior judgment against the constable for conversion, in making a wrongful levy and sale upon an execution. By the express terms of the bond, the constable and his sureties "jointly and severally agree to pay to each and every person who may be entitled thereto all such sums of money as the said George B. Riddle [the constable] may become liable to pay on account of any execution, or treasurer's warrant, or other process which shall be delivered to him for collection," and "further undertake and agree, jointly and severally, to pay each and every person for any damage he may sustain from any act or thing done by said George B. Riddle by virtue of his office of constable." The due election of Riddle as constable of the Fourteenth ward of the city of Rochester, and the execution of the undertaking by him, and the defendants as sureties, were conceded. The undertaking is substantially in the form required by the town law (sections 54, 68, c. 20, Gen. Laws), with some additional provisions of local application. The constable by virtue of a warrant of attachment, duly issued by the municipal court of Rochester, in an action against one Fred P. Russell, attached certain personal property found in the possession of Russell, in said city, and subsequently sold the same on an execution issued in that action. The plaintiff, claiming to own and to be entitled to the possession of the property, by virtue of a chattel mortgage, of which the constable had notice, brought an action in the supreme court against the constable for conversion, and recovered

judgment for $103.25 damages and $137.47 costs (in all, $240.72), which was duly docketed in the clerk's office of Monroe county on the 11th day of April, 1898, and from which the defendant therein appealed to this court, where the judgment was affirmed, with costs, which aggregated $122.45, for which judgment was entered on the 10th day of February, 1899. Executions were issued on these judgments, and returned unsatisfied, whereupon the plaintiff, after obtaining leave of the court therefor, brought this action against the sureties, and seeks to recover the face of both judgments, with interest and costs. The former action was not brought upon the bond, and it was conceded that the sureties had no notice thereof. The trial court received the judgments as prima facie evidence against these defendants, but subsequently, by ruling out evidence offered by the defendants to show that the property converted was not worth the amount of the verdict, in effect held that the judgments were conclusive against the sureties, in the absence of fraud or collusion, and accordingly directed a verdict for the plaintiff.

The motion for a new trial was made on the exceptions, and on the ground that the verdict was contrary to law. A new trial was properly ordered, but not upon the ground assigned by the learned trial justice. It becomes necessary, therefore, for us to state our views as to the law of the case. The seizure and sale by the constable of the plaintiff's property on an execution, although in excess of his authority, and consequently a trespass, were by virtue of his office, and were acts for which his sureties are liable. People v. Schuyler, 4 N. Y. 173; Dennison v. Plumb, 18 Barb. 89; Mayor, etc., v. Ryan, 7 Daly, 438; Pond v. Leman, 45 Barb. 152; Rogers v. Weir, 34 N. Y. 463; Bishop v. Mosher, 65 Hun, 519, 20 N. Y. Supp. 594; Row v. Sherwood, 6 Johns. 109; Cumming v. Brown, 43 N. Y. 514; Lammon v. Feusier, 111 U. S. 17, 4 Sup. Ct. 286, 28 Sup. Ct. 337; Tracy v. Goodwin, 5 Allen, 409. The case of People v. Lucas, 93 N. Y. 585, is no obstacle to a recovery here. The liability of the sureties there was limited to such sums as the constable might become liable to pay on account of any execution, and it was held that the liability of the constable for trespass was not a liability to pay on account of the execution.

We find no general law, and our attention has not been called to any local statute applicable to the city of Rochester, requiring, as a condition precedent to enforcing the liability of the surety on the official bond of a constable, that judgment must first be recovered against the principal. The obligation of the sureties is "to pay each and every person for any damages he may sustain from any act or thing done by said George B. Riddle by virtue of his office of constable." We think the form and terms of the undertaking indicate that the sureties become liable in a direct action by the party aggrieved the moment a breach occurs. Levin v. Robie, 5 Misc. Rep. 529, 25 N. Y. Supp. 982. It does not seem just that the sureties should be liable for the costs of a litigation to which they are not parties, when they might have been joined as defendants, or might have been sued in the first instance by the ag-

grieved party. There is nothing to show that they contracted with a view to becoming bound by a judgment against the constable. Douglass v. Howland, 24 Wend. 59. The decisions in other states are not in harmony with one another, or with the rulings in our jurisdiction, on these questions; nor do the text writers agree. The weight of authority in this state applicable to this case, where it was unnecessary to sue the principal first, is, we think, that the judgment is neither conclusive nor prima facie evidence in favor of the plaintiff of the facts which were essential to its recovery; and this is the logic of the situation. People v. Russell, 25 Hun, 524; Thomas v. Hubbell, 15 N. Y. 405, 35 N. Y. 120; Douglass v. Howland, 24 Wend. 57, followed in Ex parte Young, 17 L. R. Ch. Div. 668; Miller v. While, 50 N. Y. 137; Cook v. Union, 49 Hun, 23–27, 1 N. Y. Supp. 498.

The order appealed from should be affirmed, with costs to the appellant to abide the event. All concur.