V. LOEWER'S GAMBRINUS BREWERY CO. v. LITHAUER et al.

(Supreme Court, Appellate Term.   May 19, 1904.)

1. OFFICIAL BOND—JUDGMENT AGAINST PRINCIPAL—CONCLUSIVENESS.

Municipal Court Act (Laws 1902, p. 1574, c. 580) § 295, requiring proof that a judgment has been recovered against the marshal of the court, and an execution issued and returned wholly or partly unsatisfied, and leave given to prosecute the bond in order to maintain an action against the sureties on the marshal's bond, does not make the judgment recovered against the marshal evidence against the sureties of anything more than the fact that such judgment has been obtained.

2. SAME—RIGHTS OF SURETIES.

Where a Municipal Court marshal's bond was conditioned that he should well and faithfully execute his office without fraud, deceit, or oppression, and in all things should well, truly, and faithfully perform the duties of his office, and properly account for and pay over all moneys and property received by him as marshal, a judgment recovered against him for a conversion is not conclusive against his sureties that he had been · guilty of misconduct.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by V. Loewer's Gambrinus Brewery Company against Edward L. Lithauer and another.   From a Municipal Court judgment in favor of plaintiff, defendants appeal.   Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

William S. Bennet, for appellant surety company.

Uriah W. Tompkins, for respondent.

SCOTT, J.   The bond which the appellant gave for the marshal, Lithauer, is conditioned that he shall well and faithfully execute the said office of marshal without fraud, deceit, or oppression, and shall in all things well and truly and faithfully perform the duties of his office, and properly account for and pay over all moneys or properties received by him as marshal, etc.   It is well settled in this state that in an action brought against the surety upon such a bond a judgment against the marshal for a conversion or an unlawful levy is neither conclusive nor prima facie evidence against the surety of the facts essential to the recovery.   People ex rel. Tuthill v. Russell, 25 Hun, 524; Berry v. Schaad, 50 App. Div. 132, 63 N. Y. Supp. 349.   It is true that by section 295 of the Municipal Court act (chapter 580, p. 1574, Laws 1902) it is necessary to show as a condition of maintaining an action against a surety on such a bond that a judgment has been recovered against the marshal, and execution issued and returned wholly or partially unsatisfied, and leave given to prosecute the bond.   The act, however, does not declare that the judgment against the marshal shall be evidence against the surety of anything more than the fact that such a judgment has been obtained.   As to the ultimate fact whether or not the marshal has been guilty of misconduct, the surety is entitled to his day in court, and an opportunity to litigate.   The distinction between such a bond as is involved in this action and one whereby the surety undertakes that the principal shall comply with an order or judgment of the court is clearly pointed out in People ex rel. Tuthill v. Russell, supra.   The

plaintiff offered no proof of the marshal's misconduct except the judgment roll in the action against him. As that was insufficient, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.