MULRY et al. v. ECKERSON.

(Supreme Court, Appellate Division, First Department.   February 2, 1912.)

PRINCIPAL AND SURETY (§ 145*)—LIABILITY OF SURETY—CONDITIONS PRECEDENT—NOTICE AND OPPORTUNITY TO DEFEND.

A complaint alleged the giving of a bond by plaintiff's testator's partner, with defendant as surety, conditioned for the payment of all debts of the partnership, the existence of certain debts, the failure to pay, the commencement of actions against the partners, notice to the surety, and a recovery of judgments.   On the trial no notice to the surety was proved but the judgments against the partners were admitted in evidence. *Held* reversible error, since a judgment against a principal is not evidence against the surety, unless he had notice and opportunity to defend.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 397–401; Dec. Dig. § 145.*]

Appeal from Judgment on Report of Referee.

Action by Thomas M. Mulry and another, as executors under the last will of John Fleming, deceased, against John C. R. Eckerson. From a judgment for plaintiffs, defendant appeals.   Reversed and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William J. Wallace, for appellant.
Arthur J. McClure, for respondents.

MILLER, J.   The plaintiff's testator, John Fleming, and Charles A. Brown were copartners.   Fleming sold his interest to Brown, and the latter assumed and agreed to pay the copartnership debts.   The defendant joined him in an undertaking to Fleming, the condition of which was:

"The said Charles A. Brown shall well and truly pay within six months from the date hereof all commercial debts and bills payable by said copartnership of Brown & Fleming and the expenses  and debts of said James J. Coogan, as receiver of the property of Brown & Fleming, other than claims in judgment and in tort, and also claims upon notes upon which the copartnership of Brown & Fleming was accommodation indorser."

This action is brought on that undertaking.   The complaint alleged the existence of certain partnership debts stated, the failure of Brown to pay, the commencement of actions against Brown and Fleming, notice thereof to the defendant, and the recovery of judgments therein.   The answer denied the existence of debts covered by the undertaking and the notice of the actions.   On the trial, the plaintiff was permitted to prove, over the defendant's objection and exception, the judgments recovered against Brown & Fleming, and upon that proof was given a judgment for $49,496.52 damages.

It is the law in this state that a judgment against the principal is not even evidence against his surety, unless the latter had notice of the suit and an opportunity to defend.   Douglass v. Howland, 24 Wend. 35; Berry v. Schaad, 50 App. Div. 132, 63 N. Y. Supp. 349; V. L. G. Brewing Co. v. Lithauer, 43 Misc. Rep. 683, 88 N. Y. Supp. 372.   The exception is where the covenant is to indemnify against the consequences of a suit.   See Bridgeport Fire Insurance Co. v.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wilson, 34 N. Y. 275. There was no attempt to prove either the existence of claims covered by the undertaking, with one exception, or that the defendant had notice of the suits in which the judgments were recovered.

The judgment should be reversed, and a new trial ordered before another referee, with costs to appellant to abide the event. All concur.