(153 App. Div. 423.)

MIANO v. EMPIRE STATE SURETY CO. et al.

(Supreme Court, Appellate Division, Second Department.  November 22, 1912.)

1. INDEMNITY (§ 14*)—JUDGMENT AGAINST PRINCIPAL—EVIDENCE.

A judgment for plaintiff in a suit for injuries from an explosion, brought against an employer, who was the principal in a bond given by him and a surety company, conditioned to pay to the city any loss to persons from the use or keeping of explosives by the principal, was not sufficient evidence of the surety company's liability in an action against it, where the judgment may have been not only for a liability covered by the bond, but also for the principal's violation of his duty as an employer; the surety company being entitled to its day in court without being required to enter an action involving issues irrelevant to its liability.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 41; Dec. Dig. § 14.*]

2. INDEMNITY (§ 15*)—BOND—EFFECT.

A bond conditioned that the principal and the surety would pay to a city any loss, damages, or injury to persons from the use or keeping of explosives by the principal was a promise, through the city, to pay damages directly to any person so injured.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 36–47; Dec. Dig. § 15.*]

3. INDEMNITY (§ 11*)—LIABILITY ON BOND.

Under a bond conditioned to pay to a city any loss, damages, or injury resulting from the use or keeping of explosives by the principal, both the principal and surety were liable to a person injured; and recovery

against the principal was not a condition precedent to recovery against. the surety.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 21–25; Dec. Dig. § 11.*]

4. INDEMNITY (§ 14*)—JUDGMENT AGAINST PRINCIPAL—ESTOPPEL.

Where a surety bond is for the protection of third parties, and not for the protection of the principal, the surety is not estopped by a judgment. against the principal to defend against its liability under the bond, though it has notice and opportunity to defend in the action against. the principal.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 41; Dec. Dig. § 14.*]

5. INDEMNITY (§ 14*)—LIABILITY—JUDGMENT.

Where one person binds himself to save another harmless, a judgment against the indemnitee measures the indemnitor's liability, provided he have notice and opportunity to contest the rendition of the judgment.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 41; Dec. Dig. § 14.*]

Appeal from Trial Term, Kings County.

Action by Giuseppe Miano against the Empire State Surety Company and another. From a judgment (76 Misc. Rep. 364, 136 N. Y. Supp. 920) dismissing plaintiff's complaint, he appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Louis Diament and Isaac Siegel, both of New York City, for appellant.

Benjamin Reass, of New York City, for respondent.

THOMAS, J. [1] The question is whether a judgment against the principal in a bond is sufficient evidence against the surety of its liability for breach of conditions that can be asserted only by a third person. The bond was given by one Labriola, as principal, and the Empire State Surety Company, as surety, on the condition that they—

"shall * * * pay to the said city of New York * * * any loss, damage or injury resulting to persons or property from the use or keeping of such explosives; and for the strict observance of an ordinance, and the regulations made thereunder, to regulate the sale, use and transportation of explosives in the city of New York, passed * *. * · on May 19, 1902, under and by virtue of such permit as aforesaid, such payment to be for the benefit of any and all persons suffering damage or loss thereby."

The plaintiff, Labriola's servant, was injured by a discharge of a blast, and recovered damages in an action wherein he charged his master with negligence in divers ways. It will be observed that the complaint in the action against Labriola is not limited to acts or omissions that would make a breach of some condition in the bond, but also charges negligence on the part of the defendant and his superintendent, in violation of the duty of the master to the servant. It does not appear upon what issue or issues the judgment rests. If it be on the breach of a duty of the master to his servant, the matter may be quite unrelated to the issues in the action at bar. But if

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it be assumed that the judgment is for a violation of the provisions of the bond, and that the Surety Company had such lawful notice of the action that it could have interposed and defended, even then the judgment is not evidence in the present action.

[2] Labriola and the Surety Company promised, through the city of New York, that it would pay directly to the plaintiff damages caused him from the use or keeping of explosives by Labriola. Obendorfer v. City of New York and Empire State Surety Co., 130 App. Div. 877, 114 N. Y. Supp. 1139, affirmed 198 N. Y. 583, 92 N. E. 1094.

[3] The bond is for the benefit of the city and those whom it would protect, and not for the indemnification of Labriola by the Surety Company. Hence the obligors are one and both directly liable to the person injured; and recovery against the principal is not a condition precedent to recovery against the surety. Labriola is the offender, and, as between him and the surety, is primarily liable to the plaintiff; but both owe the plaintiff the duty of paying his damages. In that case the surety is entitled to its day in court—not through opportunity to interpose in an action against its co-obligee, involving, as it happened, issues irrelevant to those on which its liability could be predicated. For this authority is found in Berry v. Schaad, 50 App. Div. 132, 63 N. Y. Supp. 349; Loewer's Gambrinus Brewery Co. v. Lithauer, 43 Misc. Rep. 683, 88 N. Y. Supp. 372.

[4] But it is urged that, as the surety had notice and opportunity to defend the action against the principal, it is estopped by the judgment against him. This would be the case if the Surety Company were bound to indemnify Labriola. But the relation is reversed; for Labriola would be bound to indemnify the surety.

[5] If one person binds himself to save another harmless, the latter's adjudged obligation measures the former's liability; or, if the wrong of one subject another, without his immediate fault, to the payment of damages, the result is the same. But in such case the person ultimately liable must have notice and opportunity to contest the liability and damages, or the judgment will be inter alios. Such feature of indemnification of the principal, or ultimate obligation to pay the damages, is present in all the cases on which appellant relies, of which Village of Port Jervis v. First National Bank of Port Jervis, 96 N. Y. 550, and Oceanic S. N. Co. v. Compania Transatlantic Espanola, 134 N. Y. 461, 31 N. E. 987, 30 Am. St. Rep. 685, are types.

The judgment should be affirmed, with costs. All concur.