HASBROUCK, State Superintendent of Insurance, v. LABRIOLA et al.

(Supreme Court, Special Term, New York County. January 4, 1915.)

1. PRINCIPAL AND SURETY (§ 190*)—ACTIONS—JURISDICTION OF EQUITY.

A surety company became surety on the bond of a contractor, against whom an employé recovered a judgment for personal injuries. The contractor was afterwards discharged in bankruptcy, the surety company became insolvent, and the employé filed his claim with the superintendent of insurance as liquidator of the company. The superintendent brought an action against the employé, the contractor, and the contractor's wife, alleging that the wife was the real owner of the contracting business, and the husband her agent, admitting the surety company's liability to the employé in some amount, and asking that the amount be determined, and that the contractor and his wife be directed to pay the employé the amount adjudged to be due. The employé had never made a claim against the wife, and limitations had run against any claim by him against her. *Held,* that equity had no jurisdiction thus to try an accident case and direct the payment of the damages by one defendant to another, especially at the instance of the liquidator of an insolvent insurance company, which was concededly liable, but which had paid nothing, and could only be injured to the extent of such partial payment as it might ultimately make.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 568–577; Dec. Dig. § 190.*]

2. PRINCIPAL AND SURETY (§ 173*)—REMEDIES OF SURETY—ENFORCING PAYMENT BY PRINCIPAL.

Even though equity had jurisdiction, it could not grant the relief prayed for against the contractor, since, if the judgment in favor of the employé was not discharged in bankruptcy, it was still enforceable, and another judgment against him was unnecessary, while, if it had been discharged,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he could not be compelled to pay the creditor, from whose claim he had been discharged.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 497–499; Dec. Dig. § 173.*]

3. PRINCIPAL AND SURETY (§ 190*)—ACTIONS AGAINST PRINCIPAL—AMOUNT OF RECOVERY—COSTS AND EXPENSES.

A surety cannot recover from its principal the counsel fees and other expenses incurred by it in defending against a meritorious claim.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 568–577; Dec. Dig. § 190.*]

Action by Frank Hasbrouck, as Superintendent of Insurance of the State of New York, against Frank Labriola and others. Judgment for defendants Labriola.

Frederic G. Dunham, of New York City (M. J. Wright, of New York City, of counsel), for plaintiff.

James E. Wilkinson, of Long Island City, for defendants Labriola.

Louis Diamant, of New York City, for defendant Miano.

GIEGERICH, J. [1, 2] The action is brought by the superintendent of insurance, as liquidator of the Empire State Surety Company, an insolvent corporation. It is brought on the equity side of the court, and the character of the relief sought is such that it can be granted, if at all, only by a court of equity. The nature of the relief prayed for will be more readily understood if the facts of the case are first shortly stated.

In the year 1904 the defendant Frank Labriola, being engaged in the business of contracting and excavating, applied to the surety company to become surety upon a bond required by an ordinance of the city of New York and the regulations of the municipal ordinance commission to enable him to keep and use the explosives needed in the conduct of his business. Such a bond was thereafter duly executed by Labriola as principal and by the surety company as surety, and was delivered to the fire commissioner, as required by the ordinance. Thereafter, and in January, 1905, an explosion occurred in the course of certain excavating work, and the defendant Miano, a workman employed by Labriola, was severely injured. Miano thereupon brought an action against Labriola to recover damages for his injuries, and in June 1905, recovered a judgment against him for $1,261.31. This judgment has never been satisfied, and Labriola has since gone through bankruptcy and has received his discharge, this judgment being scheduled amongst his debts. After the recovery of the judgment against Labriola, Miano brought an action against the surety company to recover against it upon its bond. This action was defended by the surety company, and the complaint was dismissed. Subsequently a second action was commenced by Miano against the surety company, which was also defendant and resulted in a dismissal of the complaint, which was affirmed on appeal. 153 App. Div. 423, 138 N. Y. Supp. 475. Thereafter the surety company became insolvent, and the superintendent of insurance took possession of its property and is now engaged in liquidating its affairs.

Miano has filed his claim with the liquidator, and the complaint admits that the claim is well founded both in law and in fact, the only question being as to the amount of the damages properly recoverable; but it is alleged that it would be onerous and burdensome on the plaintiff to require this question to be litigated in an action at law by Miano against the plaintiff, "and subsequently to raise money to pay such a judgment as might be obtained by the said Giuseppe Miano." It is further claimed by the plaintiff that the defendant Frank Labriola was not the real owner of the contracting business, but that it was, in fact, owned by his wife, the defendant Antonetta Labriola, and that Frank Labriola was merely the agent and servant of his wife in the conduct of the business. The relief demanded (excepting such demands as were withdrawn upon the trial) is that it be determined whether Miano's claim against the plaintiff is valid, and, if so, that the amount thereof be adjudged and determined in this action; that the defendants Frank Labriola and Antonetta Labriola be directed to pay to the defendant Miano the amount adjudged to be due him and that Miano be required to accept such payment in satisfaction of his claim; and that the plaintiff recover from the defendants Labriola the costs and expenses of bringing this suit and the expenses incurred in defending the actions brought by Miano against the surety company.

The answer of Miano admits all the allegations of the complaint and joins in the prayer of the plaintiff for the relief therein demanded, except that he does not join in the prayer that he be required to accept the sum awarded in full payment of his claims. But the answers of the defendants Labriola put in issue all the facts upon which Miano's right to recover for his injuries depends, and they also set up various defenses. No claim has ever been made by Miano against the defendant Antonetta Labriola, except the claim asserted by his demand for relief against her in this action. In this case, therefore, the court, sitting as a court of equity, is asked to try an accident case, to determine whether the person injured is entitled to recover, and, if so, the extent of his injuries and the amount to be awarded as damages, and, finally, to direct payment of such damages by one defendant to another.

Furthermore, this relief is sought by the liquidator of an insolvent surety company which is concededly liable to the injured man, but which has paid nothing on the claim and can only hereafter be injured to the extent of such partial payment as it may ultimately make by way of a dividend on the claim. Nevertheless, it claims the right to require payment in full by the third person, whom the person injured has not attempted to hold liable, and in whose favor the statute of limitations is now a complete protection against any claim by him. I do not think that the jurisdiction of a court of equity has yet been so far extended as to include a case of this character; nor do I think that the plaintiff would be entitled to such relief even if the jurisdiction existed.

Furthermore, I do not find that the business was conducted by or on behalf of Antonetta Labriola, or that she was at any time liable for the injury. As to the defendant Frank Labriola, a judgment has

already been recovered against him by the injured person. If his liability, evidenced by this judgment, has been discharged in bankruptcy, the plaintiff can hardly maintain an action to compel him to pay the very creditor from whose claim he was thus discharged. If that judgment was not discharged, it is still enforceable, and another judgment against him and in favor of the injured person for the same wrong cannot properly be asked.

[3] Nor is the plaintiff in any position to ask reimbursement for expenses incurred by the surety company in defending against the claim made upon it by the injured person. The proposition that the claim was a meritorious one is at the foundation of the present action. Whether a surety may or may not recover counsel fees and other ex-· penses from his principal depends on the facts of the case (City Trust S. D. & S. Co. v. Am. Brewing Co., 182 N. Y. 285, 291, 74 N. E. 948); but they are not to be allowed where it appears that they were incurred in defending against a meritorious claim (Thompson v. Taylor, 72 N. Y. 32, 34). If the surety company had settled this concededly meritorious claim when it was presented, as it ought to have done, it would not now be under the necessity of invoking the extraordinary remedies which are sought in this action, and the injured workman would not be in his present predicament.

Judgment for defendants Labriola. Submit, with proof of service, requests for findings within five days after the publication of this memorandum. The question of costs is reserved until the requests for findings of the respective parties are passed upon. Briefs relative to costs and to the requests to find may be left with the clerk within two days after the service of such requests, at the expiration of which time all papers are to be submitted by the clerk to me.