(166 App. Div. 358)

FARLEY, State Excise Com'r, v. PATTERSON et al.   (No. 31/49.)

(Supreme Court, Appellate Division, Third Department.   March 3, 1915.)

1. JUDGMENT ☞648—LIQUOR TAX BOND—ACTION ON BOND—EFFECT OF CON-
VICTION.

In suit on a liquor tax bond for breach of condition that the principal
would not violate the Liquor Tax Law, a judgment of conviction of the
principal for a violation of such law was conclusive between the people
and the principal as to breach of condition.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1309, 1310;
Dec. Dig. ☞648.]

2. JUDGMENT ☞648 — EFFECT OF JUDGMENT OF ACQUITTAL IN CRIMINAL
PROSECUTION.

An acquittal in a criminal action is not admissible in evidence against
the people in a civil suit against the defendant, as on a liquor tax bond,
because of the different degrees of proof required; an acquittal serving
merely to show that guilt was not established beyond a reasonable doubt,
the question in a civil action being only of a preponderance of evidence.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1309, 1310;
Dec. Dig. ☞648.]

3. INTOXICATING LIQUORS ☞88—LICENSES—ACTION ON DEALER'S BOND—
REPRESENTATIVE CAPACITY OF COMMISSIONER OF EXCISE.

In suing for the penalty of a liquor tax bond, the state commissioner
of excise acts in a representative capacity for the people, and evidence
admissible for or against them is admissible for or against him.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 91–
95; Dec. Dig. ☞88.]

4. PRINCIPAL AND SURETY ☞145—ACTION ON LIQUOR DEALER'S BOND—CON-
VICTION OF PRINCIPAL—EVIDENCE AGAINST SURETY.

In a suit on a liquor tax bond for breach of condition that the princi-
pal would not violate the Liquor Tax Law, a conviction of the principal
for violating the law was not admissible in evidence against the surety
on the bond, since the surety was not a party to such judgment.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§
397–401; Dec. Dig. ☞145.]

Appeal from Trial Term, Schenectady County.

Action to recover the penalty of a liquor tax bond by William W.
Farley, State Commissioner of Excise, against James F. Patterson
and the National Surety Company.   Judgment for plaintiff, and de-
fendants appeal.   Affirmed as to Patterson; reversed and remanded
as to the National Surety Company.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-
ARD, and WOODWARD, JJ.

James A. Quinn, of Albany, for appellant Patterson.

Lucius A. Waldo, of New York City, for appellant Surety Company.

A. M. Sperry, of Albany (Louis M. King, of Albany, of counsel), for
respondent.

, JOHN M. KELLOGG, J.   This action is brought against the prin-
cipal and his surety to recover the penalty of a liquor tax bond for
breach of the condition that the principal will not violate any of the
provisions of that law.   The bond provided that an action for its
breach might be brought without any previous conviction or prosecu-

tion of the principal. The only evidence tending to show a breach of the bond was a judgment convicting the defendant Patterson of a violation of the Liquor Tax Law. The defendants severally objected that said conviction was not evidence against them, and severally moved for a dismissal of the complaint upon the ground that there was no legal evidence of a breach of the bond.

At the close of the case the court asked if the defendant rested. The surety company replied that it did not know; it desired to discuss whether the judgment might not be some evidence, and that it might want to put in evidence. The court replied that it was evidence against the principal, and if the surety company's motion to dismiss was not granted it could put in proof if it so desired. The court, however, directed judgment against both defendants, and we infer must have held that the judgment of conviction was conclusive evidence of the breach of the bond; the surety company having been accorded no privilege of introducing evidence upon that subject.

[1, 2] A judgment of conviction is not evidence against the defendant in an action between him and a third person, as. such person is a stranger to it. But it conclusively establishes between the people and the person convicted that he committed the offense. The nature of the action is immaterial. The question is whether the same matter has been litigated and decided between the same parties. If so, it is unnecessary that it again be litigated and decided. It is true that a judgment of acquittal is not evidence against the people in a civil action, for the reason that in a civil action a preponderance of evidence may ·sustain a judgment, while in a criminal action guilt must be proved beyond a reasonable doubt. The acquittal shows only that the guilt of the defendant was not established beyond a reasonable doubt.

[3] The bond in question runs to the people of the state of New York, while the commissioner of excise is permitted to bring an action upon it for the benefit of the people and certain tax districts of the state. He brings the action and seeks a recovery as a representative of the people, deriving whatever cause of action he has from the people. It is unnecessary therefore, to try the question again as between the people and the defendant Patterson, or between a representative of the people seeking to recover upon an obligation issued to the people.

As to the surety company another question arises. It was not a party to the criminal action, and under the law was not permitted to intervene or defend. It was therefore a stranger to it, not bound by the result. It is urged, however, that as surety upon Patterson's bond it was bound by the judgment of conviction entered against him. The question has been much discussed in the cases and text-books as to how far a surety is bound by a judgment against his principal.

In Berry v. Schaad, 50 App. Div. 132, 63 N. Y. Supp. 349, the Fourth Department unanimously determined that, in a case where it was unnecessary to sue the principal before suing the surety, a judgment against the surety, in the absence of notice requiring him to defend, was not prima facie or conclusive evidence against him. In Mulry v. Eckerson, 149 App. Div. 29, 133 N. Y. Supp. 533, the First Department unanimously held that, in the absence of notice and an opportunity to defend, such judgment was not evidence against the

surety. In Riche v. Greenwich Bank, 153 App. Div. 425, 138 N. Y. Supp. 432, the Second Department unanimously determined that, although the surety had notice but did not defend, such judgment was. not evidence against him in cases where the bond was not given to indemnify the principal, but was given to indemnify others against the default of the principal. This bond was not given to indemnify Patterson, but to indemnify the people against his wrongful act.

In many cases, by the terms of the bond, the surety becomes liable to indemnify against or pay a judgment, in which case the rule may be different. The defendants' bond has such a provision with reference to the payment of judgments recovered for fines and penalties. But concededly there has been no breach of the bond in that respect. This. action is brought upon contract for the recovery of money agreed to be paid in the event that Patterson violated the provisions of the Liquor Tax Law. The surety guaranteed that he would not violate that law, and to establish a breach of the bond against it proof must be made otherwise than by a judgment of conviction against him.

It follows that the judgment against Patterson should be affirmed, with costs, and judgment against the surety company reversed, and a new trial granted, with costs to it to abide the event. All concur, except LYON, J., who votes for affirmance, and WOODWARD, J., who votes for reversal.