TERESA O'CONNOR ADAMS, Respondent, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

First Department, December 22, 1933.

*William J. McArthur,* for the appellant.

*Wilberforce Sully, Jr.,* of counsel [*Flynt & Sully,* attorneys], for the respondent.

GLENNON, J. This action was brought upon a bond executed by defendant as surety for Philip Lowenthal, doing business as the Eureka Detective Bureau. The bond was furnished pursuant to the provisions of section 73 of the General Business Law, to enable Lowenthal to obtain a license to operate the detective agency, and was in the penal sum of $2,000.

On November 11, 1930, Lowenthal had in his employ one Charles Ellis. On that day Ellis was assigned to detective duty at one of the F. W. Woolworth & Company stores at No. 33 West Forty-second street. During the day he arrested plaintiff on a charge of shoplifting. Under threat of prosecution he extorted from her the sum of $1,000 as a consideration for releasing her from custody.

Plaintiff thereafter instituted an action in the Municipal Court

against this defendant on its bond, alleging that Ellis " injured the plaintiff by a willful, malicious and wrongful act arising out of and in the course of his employment." The action resulted in a judgment in favor of plaintiff for $1,000, with interest and costs. This defendant then paid the amount due pursuant to the terms of the judgment.

The plaintiff thereafter commenced an action in the Supreme Court against F. W. Woolworth & Company, James Tietman, Philip Lowenthal and Charles Ellis, to recover the sum of $10,000 damages alleged to have been sustained by plaintiff by reason of the false arrest and slander at the Woolworth store on November 11, 1930. This defendant United States Fidelity and Guaranty Company was not a party to that action; it was not notified of the pendency thereof; it was not present and took no part in the trial. That action resulted in a judgment in favor of the plaintiff and against the defendant F. W. Woolworth & Company, James Tietman and Philip Lowenthal for $1,000 and against the defendant Charles Ellis for $5,000. The total amount of the judgment, however, was limited by the trial court to $5,000. Plaintiff was paid $1,000 by one or more of the defendants.

Plaintiff thereupon brought this action against the defendant United States Fidelity and Guaranty Company to recover the sum of $4,000, the balance of the judgment. At the trial plaintiff offered no oral testimony. The bond was marked as an exhibit. The judgment roll in the Supreme Court action was received in evidence over the objection and exception of defendant. Plaintiff then rested. Defendant offered in evidence the judgment roll in the Municipal Court action and the opinion of the trial justice in the Supreme Court action. (*Adams* v. *Woolworth Co.*, 144 Misc. 27.) Defendant thereupon rested. Judgment was granted in favor of plaintiff for the sum of $1,000, which was the balance of the face amount of the bond after deducting the amount paid under the Municipal Court judgment.

Defendant contends that the trial court erred in entering judgment in plaintiff's favor, *first*, upon the ground that defendant was not bound by the judgment recovered by plaintiff in the Supreme Court action and that defendant was entitled to its day in court on the question of plaintiff's damages; and *second*, upon the ground that plaintiff had a single claim against the defendant on its bond for any damages sustained by her by reason of her arrest by Ellis on November 11, 1930, and that the plaintiff was not permitted to split up her causes of action and bring separate suits against the defendant on its bond for separate items of damage. We think that the judgment should be reversed on both of the grounds urged.

While there are many authorities which hold that a judgment roll may be either conclusive or *prima facie* evidence against a surety in an action upon a bond, still there are definite exceptions depending in each case upon the purpose and type of the bond. In *Bridgeport Ins. Co.* v. *Wilson* (34 N. Y. 275, 280) covenants to indemnify against the consequences of a suit are classified as follows: " 1. Where the covenantor expressly makes his liability depend on the event of a litigation to which he is not a party, and stipulates to abide the result; and 2. Where the covenant is one of general indemnity merely, against claims or suits. To the latter class belongs the case now before us. In cases of the first class, the judgment is conclusive evidence against the indemnitor, although he was not a party, and had no notice, for its recovery is the event against which he covenanted. (*Patton* v. *Caldwell*, 1 Dall. 419.) In those of the second class, the rule already stated applies, to wit, that the want of notice does not go to the cause of action, but the judgment is *prima facie* evidence only against the indemnitor, and he may be let in to show that the principal had a good defense to the claim. The following cases support the rule last stated: *Duffield* v. *Scott* (3 T. R. 374); *Smith* v. *Compton* (3 B. & A. 407); *Lee* v. *Clark* (1 Hill, 56); *Rapelye* v. *Prince* (4 id. 119); *Aberdeen* v. *Blackmar* (6 id. 324). In each of the classes of cases above mentioned, the indemnitor is, of course, understood as saving the right, which the law gives in every case where the suit is between third persons, of contesting the proceeding on the ground of collusion, for the purpose of charging him. [Per COWEN, J., in *Douglass* v. *Howland*, 24 Wend. 35.] The same rules in respect to notice, which apply to the indemnitor, are applicable also to his surety, in like cases. (*Lee* v. *Clark, supra; Westervelt* v. *Smith*, 2 Duer, 449; *Thomas* v. *Hubbell*, 15 N. Y. 405.) "

The bond in this case does not come within either of the two classes mentioned. It is one of indemnity, running to any person injured by the willful, malicious and wrongful acts of the principal for damages suffered. It was furnished by Lowenthal, doing business as the Eureka Detective Bureau, in order to enable him as principal to obtain a license pursuant to the provisions of the General Business Law. It is not disputed of course that, as principal, he was responsible for the acts of his employee.

As we have seen, this defendant was not a party to the Supreme Court action, wherein plaintiff asked damages for her false arrest and slander. It had no opportunity to defend. The judgment obtained, therefore, was not binding upon this defendant. It was not admissible in this action for any purpose. As a result, plaintiff failed to establish a *prima facie* case and her complaint should have been dismissed.

In *Mulry* v. *Eckerson* (149 App. Div. 29, at p. 31) Mr. Justice MILLER said: "It is the law in this State that a judgment against the principal is not even evidence against his surety unless the latter had notice of the suit and an opportunity to defend. (*Douglass* v. *Howland*, 24 Wend. 35; *Berry* v. *Schaad*, 50 App. Div. 132; *Loewer's Gambrinus Brewery Co.* v. *Lithauer*, 43 Misc. Rep. 683.) The exception is where the covenant is to indemnify against the consequences of a suit. (See *Bridgeport Ins. Co.* v. *Wilson*, 34 N. Y. 275.)"

Again, in *Berry* v. *Schaad* (50 App. Div. 132, at p. 135), Mr. Justice LAUGHLIN said: "The weight of authority in this State applicable to this case, where it was unnecessary to sue the principal first, is, we think, that the judgment is neither conclusive nor *prima facie* evidence in favor of the plaintiff of the facts which were essential to its recovery, and this is the logic of the situation. (*People ex rel. Tuthill* v. *Russell*, 25 Hun, 524; *Thomas* v. *Hubbell*, 15 N. Y. 405; 35 id. 120; *Douglass* v. *Howland*, 24 Wend. 57; followed in *Ex Parte Young*, L. R. [17 Ch. Div.] 668; *Miller* v. *White*, 50 N. Y. 137; *Cooke* v. *Odd Fellows' Fraternal Union*, 49 Hun, 23, 27.)"

We now proceed to the second ground upon which a reversal must be ordered. On November 11, 1930, when the acts complained of occurred, plaintiff's entire cause of action against the defendant arose. Thereafter she might have recovered in a single action all of the damages alleged to have been suffered by her. Instead, she elected to sue this defendant for the amount of money wrongfully extorted from her. In that action, as we have seen, she was successful and this defendant paid her pursuant to the provisions of its bond. Her right to sue accrued under the provisions of section 73 of the General Business Law, which reads in part, "any person injured by the wilful, malicious and wrongful act of the principal may bring an action on said bond in his own name to recover *damages* suffered by reason of such wilful, malicious and wrongful act." In one action she could have recovered damages against this defendant for all the willful, malicious and wrongful acts of Ellis, to the full extent of the bond. She had no right to split up her causes of action either under the general rule or pursuant to the provisions of the General Business Law.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur; O'MALLEY, J., concurs on ground first stated.

Judgment reversed, with costs, and complaint dismissed, with costs.