Gabrielli, J.
(dissenting). I dissent from so much of the majority decision as holds that former unserved limited partners are bound by the results of plaintiff’s prior lawsuit against the limited partnership. Since the former limited partners were not parties to the prior action and were not in a position to participate in or control it although their status as debtors of the limited partnership is premised solely upon the proper resolution of the issues presented in that suit, there exists no justification for deeming them to be bound by that decision. The unfortunate effect of the majority decision is to deprive defendants of their property without allowing them any opportunity to contest the validity of either plaintiff’s claim against the limited partnership or, more significantly, the partnership’s claim against defendants. I cannot concur in such a result, for I consider it to be utterly repugnant to basic principles of law and justice.
The majority reaches its conclusion by simply assuming without further discussion that limited partners “are bound when the issue of [the partnership’s] liability has previously been litigated by the partnership”, because they know that “they will be made to repay any capital returned if necessary to pay a partnership liability” (at pp 571-572). *574 This rather facile formulation, however, begs the very question which we have been asked to decide. The difficulty with the majority’s analysis is that we are not here dealing with an attempt to recover known partnership assets in the hands of the former limited partners; rather, the limited partners are at most debtors of the partnership pursuant to subdivision (4) of section 106 of the Partnership Law. More importantly for these purposes, the debts are themselves contingent, depending as they do upon the validity of plaintiff’s claim against the limited partnership. This is so because these defendants are only indebted to the limited partnership if plaintiff actually has a valid claim against the limited partnership that arose at a time when these defendants were limited partners, and which the partnership is unable to satisfy due to its insolvency. Since the very existence of any obligation upon the part of defendants is founded upon the validity of plaintiff’s claim against the now insolvent partnership, these defendants may not be held liable as debtors of the partnership unless they have had a fair opportunity to contest the validity of plaintiff’s claim against the partnership. In other words, defendants may not be bound even under the majority’s formulation, because they have not yet had an opportunity to litigate an essential element of their claimed liability: whether repayment is “necessary” due to an outstanding partnership liability. Thus, inasmuch as there remains a disputed question of fact on this point, plaintiff is not entitled to summary judgment against these defendants.
Plaintiff’s claim against the former limited partners is based upon subdivision (4) of section 106 of the Partnership Law, which provides as follows: “When a contributor has rightfully received the return in whole or in part of the capital of his contribution, he is nevertheless liable to the partnership for any sum, not in excess of such return with interest, necessary to discharge its liabilities to all creditors who extended credit or whose claims arose before such return.” Pursuant to our decision in Kittredge v Langley (252 NY 405) it is now well settled that although the language of the statute refers only to the former limited partner’s liability to the partnership itself with respect to such *575 unpaid partnership debts, the creditor of the partnership is nonetheless entitled to proceed directly against a limited partner if the limited partnership is unable to satisfy the debt. This does not mean, however, that a limited partner not made a party to the action against the limited partnership is bound by that determination of the validity of the creditor’s claim, for the limited partner is entitled to an opportunity to contest that claim. If he is not provided such an opportunity by being made a party to the prior action, he must be allowed to challenge it in the context of plaintiff’s subsequent attempt to enforce the claim directly against the limited partner. No contrary result is supported by principles of collateral estoppel or by the law of subrogation. Indeed, the conclusion reached by the majority clearly violates defendant’s constitutional right not to be deprived of property without due process of law. As the Supreme Court has recently reaffirmed, “[i]t is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard” (Parklane Hosiery Co. v Shore, 439 US 322, 327, n 7; accord Blonder-Tongue v University Foundation, 402 US 313, 329; Hansberry v Lee, 311 US 32, 40).
Since due process is implicated by the use of a prior judgment to bind persons not parties to that prior action, it is always necessary to tread cautiously in the use of collateral estoppel in such cases. The majority’s conclusion that plaintiff is subrogated to whatever claim the partnership may have against defendants does not resolve the problem, since there is no connection between our recognition of plaintiff’s equitable right to seek to recover from the limited partners any valid claim he may have against the partnership, and the question whether these defendants are precluded from contesting the validity of plaintiff’s underlying claim against the partnership simply because plaintiff prevailed in the prior suit. For the reasons stated herein, I would hold that before the plaintiff may obtain a judgment against these former limited partners, they must be provided an opportunity to put plaintiff to his proof with respect to his *576 claim against the partnership. To date, defendants have been accorded no such opportunity.
Initially, I note that defendants are in a somewhat unusual position. Plaintiff, as a judgment creditor of the limited partnership, is of course entitled to enforce his judgment against any debtors of the partnership. Such debtors, moreover, would not normally be able to contest the validity of the judgment plaintiff has obtained against the partnership, although they certainly could challenge the validity of their own obligation to the partnership. This is so because as debtors, their interest is limited to their own obligation, and usually does not extend to the validity of the plaintiff’s judgment against the partnership. Here, however, the very existence of defendants’ obligation to the limited partnership turns upon the validity of plaintiff’s claim against the limited partnership. If plaintiff’s claim against the partnership is not sound, then defendants are not liable to the partnership and thus there exists no debt enforceable by plaintiff. Because of this, the defendants have a very real property interest in the determination of the validity of plaintiff’s claim against the partnership. Hence, defendants cannot be bound by a prior decision which, if given conclusive effect, would establish the fact of their liability to the partnership without being accorded an opportunity to contest the issue (see New York Life Ins. Co. v Dunlevy, 241 US 518; see, also, Carr v Carr, 46 NY2d 270, 273, n 2).
Since defendants must be provided an opportunity to challenge plaintiff’s claim against the partnership, the determinative issue is whether the law of collateral estoppel allows a nonparty to be bound by a prior action under the circumstances presented on this appeal. Although there exists little law concerning the application of collateral estoppel principles to limited partners, the Restatement Second of Judgments suggests that limited partners should be treated for collateral estoppel purposes as general partners who have not been served (Restatement, Judgments 2d [Tent Draft No. 4], § 109, Comment b). As such, they are bound by a prior adverse judgment against the partnership only to the extent of partnership property in their possession (Restatement, Judgments 2d [Tent Draft No. 4], § 109, *577 Comment a). This rule seems eminently reasonable and there exists no reason why it should not be adopted in this State. Indeed, such a rule appears to be supported by what little precedent does exist (see Kittredge v Langley, 252 NY 405, 412-415, supra). The cases cited by the majority (Pope v Heckscher, 266 NY 114; Hood v Guaranty Trust Co., 270 NY 17) are not to the contrary. While it was stated in those cases that a prior determination of the fact and amount of a corporation’s indebtedness would be binding upon shareholders, it was further stressed that the prior adjudication “would not operate to deprive the defendant of his right to litigate, in accordance with the requirements of due process, the fact of his status as stockholder and defenses personal to him” (Pope v Heckscher, supra, at p 118). In this case, the “fact” of the limited partners’ status as debtors to the partnership is predicated solely upon the existence of a debt owed by the partnership to plaintiff. Thus, although some superficial confusion may arise due to the coincidence of the issue of the partnership’s indebtedness to plaintiff and the concomitant issue of defendants’ indebtedness to the partnership, defendants must be afforded an opportunity to litigate the former issue consistent with due process.
The only real question is whether defendants’ contingent obligations to the partnership may validly be considered partnership assets. If so, to the extent of their returned capital defendants arguably may be deemed to be in possession of partnership assets and thus bound by the prior suit against the partnership. The difficulty in applying such an analysis to the instant case is the peculiarly contingent nature of defendants’ obligations to the limited partnership. As discussed above, the very existence of that obligation depends upon the validity of plaintiff’s underlying claim against the partnership. It is the circularity of the situation which creates a problem: if plaintiff does have a valid unsatisfied claim against the partnership, he is entitled to recover from defendants any partnership assets in their possession ; however, they in turn hold partnership assets only to the extent that plaintiff does have a valid claim against the partnership. Certainly the plaintiff must prove that the defendants do in fact possess partnership property, even if *578 to do so requires plaintiff to relitigate against these defendants certain issues he has already successfully litigated with the partnership itself. Thus, for these purposes, defendants may not be considered bound by the prior judgment insofar as they were neither parties to that suit nor did or could they exercise control over that suit (see Restatement, Judgments 2d [Tent Draft No. 4], § 109, Comment d; see, also, Heavrin v Lack Malleable Iron Co., 153 KY 329; Dillard v McKnight, 34 Cal 2d 209). Such is the rule which normally applies to indemnitors (see Restatement, Judgments 2d [Tent Draft No. 3], § 107, Comment a) and guarantors (see 57 NY Jur, Suretyship and Guaranty, § 284; compare Adams v United States Fid. & Guar. Co., 239 App Div 525, aff’d 264 NY 550, with Blanding v Cohen, 101 App Div 442, aff’d 184 NY 538), and I see no justifiable reason to create a different rule of collateral estoppel for former limited partners who are called upon to satisfy a partnership obligation from properly returned capital contributions. The applicable considerations are truly similar, and thus I would apply similar principles of law.
In sum, I would hold that although the defendants have received a return on their capital for purposes of subdivision (4) of section 106 of the Partnership Law, they are entitled to put the plaintiff to his proof with respect to his claim against the partnership and are not bound by the prior judgment against the partnership. Accordingly, I vote to reverse the order appealed from and remit the case to Supreme Court for further proceedings upon the complaint.